## JAMES BUTLER *versus* NATHANIEL STEVENS.

If a prior grantee, whose deed is unrecorded, would maintain his title against a grantee under a deed, made afterwards, but recorded first, the burthen of proof is on him to show, that the grantee whose deed was first recorded had, in the language of Rev. Stat. c. 91, § 26, "*actual notice,*" of the existence of the unrecorded deed.

If there be a change in the possession of real estate, if one leaves it, and another takes actual possession and occupies it exclusively in pursuance of a conveyance thereof in fee, though his deed be unrecorded, a conveyance to a third person by the same grantor will be inoperative against the former deed.

But if a man conveys his estate in fee, and the grantee immediately enters upon the estate, and there continues, and duly records his deed, although the grantor remains on the estate with his grantee, and even continues his labors thereon, as before his conveyance; no one is bound to infer therefrom, that he has in his possession a deed of re-conveyance; and especially, when the entry of his grantee was simultaneous with the execution of the conveyance.

In an action upon a mortgage, demanding the land, where it appeared that the tenant had given an absolute deed in fee of the premises, which was recorded, and at the same time took back a mortgage deed, to secure the support of himself, his wife and daughter, during their lives, which remained unrecorded; and the mortgagor afterwards made a second mortgage to a third person, to secure the re-payment of money loaned, which was immediately recorded; *it was held,* that information, given by a third person to the second mortgagee, prior to his taking his mortgage, that the mortgagor " was going to N. (the place where the first mortgagee resided,) and was going to have property worth six or seven hundred dollars by taking care of his wife's father and mother," was not sufficient notice, to give priority to such unrecorded mortgage.

WRIT OF ENTRY, declaring upon a mortgage of land in Newfield.

Nathaniel Stevens, the tenant, was admitted to have been once the owner of the demanded premises. At the trial before SHEPLEY J. it appeared in evidence on the part of the demandant, that Stevens, on Feb. 11, 1839, conveyed the demanded premises to Edwin Brown, by an absolute deed; that on Feb. 21, 1840, Brown made a mortgage of the same premises to Rowe, to secure the payment of certain ' notes; that on March 2, 1842, Rowe assigned the mortgage and notes to C. N. Cogswell; that on Feb. 19, 1845, Cogswell

having deceased, his administrator assigned the mortgage and notes to the demandant. The deed of Stevens to Brown, was recorded February 21, 1840; and the mortgage from Brown to Rowe was recorded Feb. 21, 1840, the day of its date, and was witnessed by the register of deeds.

The tenant, on his part, introduced a mortgage of the premises from Brown to himself, bearing date the day of his deed to Brown, Feb. 11, 1839, to secure the maintenance of himself and his wife and daughter during their lives; but this mortgage was not recorded until Feb. 24, 1842. Brown died Feb. 20, 1842, before the recording of his mortgage to Stevens. The tenant proved by a brother of Brown, that the witness, with his brother, was at the house of Rowe, the mortgagee, in Feb. 1839, to obtain of him a loan of money for Edwin, and that the witness there stated to Rowe, that his "brother was going up to Newfield, and was going to have property worth six or seven hundred dollars by taking care of his wife's father and mother, and described to him the property, and that they had been up and made the writings." Edwin Brown married a daughter of Stevens, the money was obtained, and a note was given therefor, signed by Edwin Brown, as principal, and by the witness and Butler, the demandant, as his sureties, and a mortgage given to secure it. The same witness testified, that Edwin Brown "moved from Dover on to the farm in Newfield about the middle of March, 1839, and lived in the same house with the tenant about three years, they all eating at the same table." Another witness testified, that in March, 1842, the witness, Brown, "asked the demandant, if he knew there was a life lease or a mortgage of the farm, that should have been on record, and he said yes, he knew all about it." An additional witness testified, that " he had resided within half a mile of the tenant for many years; that Stevens had always lived on the farm, and had exclusive possession of it ever since he knew him, that Edwin Brown lived on the farm about three years, commencing in the winter of 1838–9; that he lived there with him; and that so far as he saw, the tenant's family relations continued to be as before."

The tenant was then defaulted by consent, and it was agreed, that if in the opinion of the Court the demandant was entitled to recover, judgment was to be rendered in his favor; and that if he was not, that the default was to be taken off, and a nonsuit entered.

*Clifford*, for the tenant, said that the mortgage from Brown to the tenant was recorded before the assignment of Rowe's mortgage to Cogswell was made, and therefore that he and the demandant had record notice of its existence before they took an assignment.

The notice to Rowe from the oral proof is full and explicit.

No one will deny the principle, that a deed duly recorded is good against a prior unregistered deed, if the second purchaser has no notice, express or implied, of the first conveyance. 2 Mass. R. 506; 5 Mass. R. 438; 16 Mass. R. 406; 3 Pick. 52; 22 Pick. 542.

But if a second purchaser or attaching creditor have notice, express or implied, of the previous conveyance, no title passes by the second deed, and none can be acquired by an attachment. *Priest* v. *Rice*, 1 Pick. 164; *Adams* v. *Cuddy*, 13 Pick. 460; *McMechan* v. *Griffin*, 3 Pick. 149. And the notice is sufficient, if it be such as men usually act upon in the ordinary affairs of life. *Curtis* v. *Mundy*, 3 Metc. 405. Evidence that the tenant cut wood on uninclosed woodland is competent to prove constructive notice, that the tenant held under an unrecorded deed of the land. *Kendall* v. *Lawrence*, 22 Pick. 540. Knowledge that another has claim to land, is enough to put the party on inquiry, and charge him with presumptive notice. *Jackson* v. *Cadwell*, 1 Cowen, 622. The same principles have been adopted in our State and extended to mortgages on personal property. *Sawyer* v. *Pennell*, 19 Maine R. 167. A few cases are added from other States. 4 N. H. Rep. 397; 1 Whart. 303; 8 Verm. R. 373; 1 Ham. 264; 12 Johns. R. 452; 8 Johns. R. 137; 9 Johns. R. 163; 10 Johns. R. 457 and 466. Here the facts were examined by the counsel, and the conclusion drawn, that there was no change - of possession, or in the family arrangements. The

principles of law applicable to the case are stated with great clearness and precision in the case of *Matthews* v. *Demerit*, 22 Maine R. 316. In that opinion the case of *Webster* v. *Maddox*, 6 Greenl. 256, is cited with marked approbation. The latter case, 6 Greenl. 256, cannot be distinguished from this. In all its essential elements it is precisely like the present. There is no distinction between an attachment and a conveyance. *Nason* v. *Grant*, 21 Maine R. 160.

The words "actual notice," in the Revised Statutes, was only intended to confirm the decisions made under the statute of 1821. 3 Metc. 406.

It is not necessary, that there should be precise knowledge of the deed, or that there should be notice given of it. It is sufficient notice, if it reasonably aught to put the party on inquiry, and which by ordinary diligence would lead to a discovery of the fact. 4 Kent, 168 to 172; 3 Pick. 149.

The following additional authorities are cited. — 2 Verm. R. 544; 3 Verm. R. 255; *Clark* v. *Jenkins*, 5 Pick. 280; *Jackson* v. *Page*, 4 Wend. 585; 6 Verm. R. 411; 6 Halst. 385; 1 Root, 388.

*Hayes* argued for the demandant, commencing with the remark, that no conveyance could "be good and effectual against any person, other than the grantor, his heirs and devisees, *and persons having actual notice thereof*, unless it is made by deed recorded" in manner required by the statute. Rev. St. c. 91, § 26.

In the present case Stevens neglected to record his deed; and therefore it is not good against the deed of Edwin Brown to Rowe, unless it appears from the facts stated in the case that Rowe had *actual notice* of the unrecorded deed of Brown to Stevens.

It is admitted, that it has been decided that actual notice does not require positive and certain knowledge, such as seeing the deed, but that it is sufficient notice, if it be such as men usually act upon in the ordinary affairs of life. *Curtis* v. *Mundy*, 3 Metc. 405.

This notice may be express or implied. To make out ex-

press notice the proof must be clear and unequivocal. There is no pretence, that Rowe had express notice. The only subject of inquiry is, whether notice to Rowe of the unrecorded deed of Brown to Stevens can be implied from the testimony introduced at the trial, and which appears in the report of the case.

It is immaterial whether Butler, the demandant, knew of Stevens' deed or not. The tenant, to prevail, must prove notice to Rowe. If Rowe had a good title, he conveyed it to Cogswell, and Cogswell's administrator to the demandant. 1 Story's Equity Jurisprudence, § 409.

The counsel for the demandant here entered into a critical examination of the testimony; and contended, that no notice of Stevens' unrecorded mortgage was given to Rowe, or could reasonably be suspected by him to have been in existence, when he took his mortgage from Brown.

In all the cases where possession has been held to give implied notice of a conveyance, the Courts have held, that the possession must be open and exclusive. *Norcross* v. *Widgery*, 2 Mass. R. 506; 2 Verm. R. 547. The case of *Webster* v. *Maddox*, 6 Greenl. 256, mainly relied upon for the tenant, differs from the present case in the most essential particular. There, Bean was never in possession for a moment. Here, Brown entered under his deed, and continued in the occupation for three years and to the time of death.

The possession of the grantor jointly with the grantee is not sufficient notice of the unrecorded deed. 2 Hilliard's Abr. 430; 2 Verm. R. 544; 2 Aiken, 235.

The secresy attending a want of registration is itself a badge of fraud. Hilliard's Abr. c. 89, § 43; 3 Mass. R. 581; 3 Pick. 155.

The notice of an unrecorded deed, whether express or implied, must be clearly proved. 6 Watts & S. 469; 3 Pick. 155.

The opinion of the Court was by

WHITMAN C. J. — A default has been entered in this case, under an agreement, if the plaintiff is not entitled to recover

upon the facts reported by the Judge who presided at the trial, that the default shall be taken off, and a nonsuit entered. The plaintiff claims as the assignee of a mortgage, made by Edwin Brown to one Rowe, and assignment thereof to him; and a deed in fee by the defendant to said Brown, duly recorded. This makes out a *prima facie* case for the plaintiff.

The defendant then exhibited a mortgage of the premises from said Brown to him, and executed before the one made to Rowe, but not recorded till about two years after that conveyance. The defendant insists that Rowe, at the time he took his deed, must be regarded as having had notice of the existence of the one to the defendant. To establish this the burthen of proof is on the defendant. He must show, in the language of the Rev. St. c. 91, § 26, that Rowe had "actual notice" of the existence of the deed to him. It is not pretended that he ever received any explicit communication from any one of the existence of such a fact; but that he was bound to have inferred it from facts that did come to his knowledge; and therefore that he must be regarded as having had "actual notice" of it.

In the first place it is urged, that what was said to Rowe, at the time he made the loan and took his mortgage as collateral security, should have indicated to him, that the defendant had not conveyed his estate to Edwin Brown, without taking back a mortgage as security for the maintenance of himself and wife. The language used upon that occasion, and by way of inducing Rowe to make the loan, was, that Edwin "was going up to Newfield, and was going to have property worth 6 or 700 dollars by taking care of his wife's father and mother." It is said in argument, by the counsel for the defendant, that the practice is such throughout the country, that Rowe could but have known that Edwin must have given the defendant security by mortgage to comply with the terms upon which he was to receive a conveyance of the estate. This argument assumes a fact not contained in the Judge's report, to wit, the general practice throughout the

country ; and it is denied by the opposing counsel, that there is any such practice. We are not authorized, therefore, to admit the premises, and of course the conclusion fails. The statement to Rowe was not of a character to indicate to him such an incumbrance. A loan was applied for, and the mortgage was recommended as being ample security for the amount wanted. No intimation was given him that the estate was or would be otherwise incumbered. This, therefore, was very far from being actual notice to Rowe, that the estate was incumbered, or was to be incumbered with a mortgage, not only conditioned for the support of the parents, but for the support of a third person, wholly unknown to Rowe.

It is next contended, that the defendant went into possession under his mortgage, and continued to occupy the estate, as he had done before he conveyed it to Edwin. If there be such a change in the possession of real estate, if the one leaves it, and another takes actual possession and occupies it exclusively, in pursuance of a conveyance thereof in fee, though unrecorded, a conveyance to a third person by the same grantor will be inoperative against the former deed. But if a man conveys his estate in fee, and the grantee immediately enters upon the estate, and there continues, and duly records his deed, although the grantor remains on the estate with his grantee ; and even continues his labors thereon as before his conveyance, is any one bound to infer, that he has in his possession a deed of reconveyance ; especially, when the entry of his grantee was simultaneous with the execution of his conveyance ? There is no precedent or dictum authorizing such an inference ; nor would such an inference be reasonable. Much less could it be reasonable to infer, that a mortgage like the one in question had been taken back, and was in the possession of the grantor, and unrecorded. We think, therefore, that Rowe became seized under his mortgage ; and his estate having been transmitted, by assignments to the plaintiff, that he has a right to a judgment as on mortgage upon the default.