St. Boniface Building and Loan Association, Appellee,
v. Constantinos Demopoulos, also known as Gust
Demos, et al., Defendants.
Appeal of Frank J. Ueker, Appellant.

Gen. No. 40,728.

Opinion filed December 13, 1939; rehearing denied January 4, 1940.

MAURICE TURNER and JULIUS L. HANDELMAN, both of
Chicago, for appellant.

Henry N. Miller, of Chicago, for appellee.

Mr. Justice Hebel delivered the opinion of the court.

This is an appeal by the defendant Frank J. Ueker, a contractor. The court decreed that the defendant's trust deed is a subordinate lien to the lien of the plaintiff for a loan alleged to have been made to the defendant Constantinos Demopoulos, otherwise known as Gust Demos and hereinafter referred to as Gust Demos.

The plaintiff's trust deeds covered two parcels of land owned by the same mortgagor. The master's report in this case to whom the cause was referred, recommended that the complaint be dismissed for want of equity. The court, however, sustained exceptions to this report and entered a decree granting the relief prayed for.

The plaintiff alleges that in February 1931, two notes, one for $10,000 and one for $2,000, secured by trust deeds, were executed by the defendant Gust Demos, and were delivered to the plaintiff; that the plaintiff relying upon the promises set forth in these notes, paid out proceeds for the benefit of the maker of the notes to this contractor and certain subcontractors, and materialmen for the construction of the building on the premises owned by the defendant Gust Demos known as 814 North Paulina street, Chicago, Illinois; that the defendant claims to be the owner of a note for $3,000 and a trust deed executed subsequently covering the North Paulina street property, and another parcel known as the vacant corner lot, which trust deed was recorded on May 17, 1934.

The statement of facts contained in the brief of this defendant Frank J. Ueker states that the right of the plaintiff, a building and loan association, to establish its mortgages against the owner of the property and to compel the owner to execute such mortgages to perform his admitted promise is not denied.

Gust Demos was in 1930, the owner of property at 814 North Paulina street, Chicago, Illinois, and purchased a building from the Board of Education. He employed the defendant Frank J. Ueker to wreck the building on the Paulina street lot, and to move the building purchased by the defendant Gust Demos onto this lot, remodel and rebuild it. Demos made application to the plaintiff for a loan sufficient to pay the expenses of remodeling.

On February 14, 1931, Gust Demos executed two notes or agreements to the plaintiff, one for $10,000 and one for $2,000. The agreement in these notes provides that the performance of this agreement is secured by a mortgage upon real estate of even date herewith, that is even date with the execution of these notes. The defendant Ueker knew that Gust Demos signed these notes. Thereafter the plaintiff paid out the proceeds of the loan to the defendant contractor, subcontractors and materialmen all in connection with the wrecking of the old building, removal, remodeling and the rebuilding at 814 North Paulina street, in Chicago, of the building purchased from the Board of Education, such payments having been made from January, 1931, through August, 1931.

Henry Brod was secretary and general manager of the plaintiff in 1930 and until August, 1932, when he disappeared. He also was employed by Henry P. Kransz & Co., who was the disbursing agent for the plaintiff. In August 1933 Brod was indicted for larceny of funds of Kransz & Co., and in September, 1933 was found guilty in the criminal court of Cook county, and a judgment of guilt was entered, and he was incarcerated for a period of three years.

The by-laws of the plaintiff provided that quarterly audits both of physical securities and bookkeeping entries be made and delivered to each director, and for monthly statements of delinquent members' accounts, and this was done.

The plaintiff introduced 73 exhibits, consisting of the checks of the plaintiff, to the defendant Ueker,

contractors' affidavits, waivers of lien and all original records pertaining to the making of the loan and the disbursement of the funds. The evidence also discloses that the mortgages of the plaintiff were entered on their records and ledger sheets made out for each mortgage; that notes and mortgages together were placed in security envelopes and physically inspected and audited quarterly.

The defendant however contends that the question to be considered is whether a mortgage or mortgages were actually executed, and that the law is fairly well settled that though one has actual notice of the execution of a mortgage which is not recorded, he is subject to such equitable or unrecorded mortgage, and one having knowledge of an agreement to give a mortgage is not thereby barred from subsequently obtaining a lien on the same property, and cites in support of his contention 41 Corpus Juris 552, par. 504, and quotes the following:

" '. . . it is a settled rule that one who takes a mortgage or other lien upon property, or a conveyance of it, with actual knowledge of an earlier, although unrecorded, conveyance of it or lien upon it, takes it subject thereto, and will not be permitted by placing his mortgage first on the record to gain priority over the earlier lien. . . . But it must be knowledge of the actual existence of the prior conveyance or encumbrance, and not merely information of a purpose or agreement on the part of the grantor to make or give it, . . .' Cases cited are *Koon v. Tramel,* 71 Iowa 132; *Butler v. Stevens,* 26 Me. 484; *Cushing v. Hurd,* 4 Pick. (Mass.) 253." And defendant Ueker concludes with this suggestion:

"It is apparent that if no mortgage or mortgages were actually executed, the defendant, Ueker, was not barred from taking a subsequent mortgage on the same property, even though he knew of the agreement to execute mortgages to secure the notes held by the plaintiff."

The evidence further discloses that the plans for the remodeling of the building, and the contractor's statement, showing what each subcontractor was to be paid, was submitted to the plaintiff, and that after the appraisers satisfied themselves as to the cost of the building, the plaintiff paid out the proceeds of the loan.

The plaintiff's reply to this contention is that to improve the lots, the defendant Gust Demos executed and delivered to the plaintiff early in 1931 two mortgages, each covering his two lots, one securing a $10,000 agreement and the other a $2,000 agreement, both signed by him; that the plaintiff paid out $9,306.25 for such improvement on orders of Gust Demos and his contractor, Ueker; that said mortgages were lost and never recorded and cannot be found; that defendant Ueker had constructive notice of the existence of the mortgages and the payment of said money prior to the making and recording of his trust deed from Gust Demos to R. E. Pikiel, dated May 10, 1934, covering both lots and recorded May 17, 1934, securing a $3,000 note, signed by Gust Demos, and that his lien thereunder is subject to the plaintiff's lien under its mortgages securing its $10,000 and $52,000, provided for in the agreements, as established by the decree, and that Gust Demos, having been served with summons and having failed to file any appearance, answer or motion to join in the appeal, is concluded by the decree entered by the chancellor. Plaintiff points to the evidence in the record that on March 23, 1927, Gust Demos, a member of the plaintiff association, borrowed from the plaintiff on the building and loan plan $7,000 and signed and delivered an agreement and mortgage to the plaintiff securing the loan on two pieces of real estate, one a vacant lot at Elston and Central avenues and the other a lot at 814 North Paulina street, improved with an old building. This $7,000 mortgage was reduced by payments, leaving a balance of $1,000, before September, 1930. Gust Demos ran an ice cream business at 1700 West Chicago ave-

nue; his landlord increased the rent and he thereupon consulted the plaintiff's secretary about a loan for the purpose of putting a building on the Paulina street lot. The secretary told him to consult a contractor as to plans and costs. He consulted Frank J. Ueker, the defendant, who estimated the cost of wrecking the old building, purchasing an old school board building, placing it on the Paulina street lot and reconstructing and remodeling such building would be about $10,000.

There is evidence that Ueker took Gust Demos to see the secretary at the downtown office of Henry P. Kransz Company and endeavored to negotiate a loan. The secretary told Ueker and Gust Demos that he could not make a new loan until the old loan was paid off. Ueker brought in plans and contractor's statements to the secretary, and it was agreed that a mortgage for $10,000 and one for $2,000 to cover carrying charges and incidental expenses would be necessary. Ueker called up the secretary by telephone in December, 1930, and the secretary told him the loan was accepted. Ueker and Gust Demos signed a contract making Ueker the general contractor, and an old three-story building was purchased from the school board and Ueker entered upon the work of remodeling.

It also appears from the evidence that these agreements and mortgages were all signed by Gust Demos, the mortgages acknowledged by him and all four instruments delivered to the secretary in 1931 at the building and loan office but the mortgages were afterwards lost and were not recorded.

It also was suggested by the plaintiff that counsel for the defendant Ueker admitted upon the hearing that the agreement for the $10,000 was executed by Gust Demos. The agreement for this amount, as well as the agreement for the $2,000 note, contained the following statement: "The performance of the agreement is secured by a mortgage upon real estate of even date herewith." It appears from the evidence that a search was made by the plaintiff for these two trust deeds, but they were not found; that Ueker, the de-

fendant, who was in charge of the construction work on the building, was paid $2,238.75.

The evidence tends to show that Ueker, the contractor and defendant in this case, had knowledge that a loan was made with the plaintiff and that he also knew that in order to construct and remodel the building it was necessary that a loan be made. He was thereby charged with notice of all the facts, which would indicate that there was an incumbrance upon the land and that the money paid to him as contractor was the money realized from a loan secured from the plaintiff by Gust Demos.

The defendant here on appeal contends that while it is true the report of the master in chancery does not have the same force as the verdict of the jury, yet where the master has seen the witnesses and observed their demeanor while testifying, his findings in fact are entitled to due weight, particularly where no question of the competency of the evidence is made. While this may be true, still it has been held by the Supreme Court that while the report of a master in chancery is prima facie correct it is advisory only and does not have the force of the verdict of the jury where trial by jury is a matter of right but facts in a chancery case are open for consideration by the chancellor and although there is conflicting evidence, the chancellor may sustain the objections to the master's report. *Thatcher v. Kramer,* 347 Ill. 601. In this case the Supreme Court cited in support of the rule above stated: *Kelly v. Fahrney,* 242 Ill. 240; *Chechik v. Koletsky,* 311 Ill. 433; *Union Bank of Chicago v. Gallup,* 317 Ill. 184.

We believe the court in the instant case was supported by the law, and was justified in considering the report of the master and concluding that the master was in error, and we are of the opinion that the decree entered and appealed from was fully justified by the evidence.

Complaint is made that the court erred in the assessment of costs in this case. The costs as ordered by

the court were one-fourth of the costs against the defendant Ueker, and the balance against the defendant Constantinos Demopoulos. This is within the rule announced in the case of *Mitchell v. Art Institute of Chicago,* 269 Ill. 381, where the court held that the rule of costs for the taking of evidence before the master is within the discretion of the trial court, and that discretion will not be reviewed except for abuse, but the question is not preserved for review if no motion is made to retax the costs in the court below. It does not appear that the defendant Ueker moved that the costs be retaxed, and applying the rule as announced by the Supreme Court that no ruling being preserved by the record, this court will not review the costs in this case.

We have examined the facts and are convinced as a result of such examination that the defendant Ueker is properly chargeable with notice, and that he had if not actual, constructive notice of the execution of the mortgages as contended for by the plaintiff. For the reasons stated the decree is affirmed.

*Decree affirmed.*

Denis E. Sullivan, P. J., and Burke, J., concur.