## TEVIS v. RANDALL et al.

An official bond made to "The People of the State of California," is sufficient, though the statute required it to be made to "The State of California." All that is requisite is that there should be a certain obligee, and either of the above names is descriptive of the same sovereignty, and may be indifferently used, as they are in various statutes.

A condition in a notary's bond that he shall well and truly discharge the duties of his office according to law, is the only proper condition to be inserted in his bond.

Where the law requires a joint and several bond, and the officer filed a bond which was in form joint and not joint and several; *Held* that he and his sureties cannot complain that their obligation is less burdensome than the law required.

The absence of the statutory requirements does not invalidate the bond.

Under our statute, promissory notes are protestable securities, and their protest must be attended with all the incidents of a foreign bill of exchange.

It is the duty of a notary public to give notice of protest to the endorsers of a promissory note protested by him. He is allowed by law a fee for so doing, and the recital of "notice given" in the protest, is made evidence of the fact.

APPEAL from the Superior Court of the City of San Francisco.

This was an action against the defendant Randall, a notary public, and his sureties on his official bond, for damages for neglect of an official duty.

The case was tried before the Court, a jury being waived, and the finding of the Court below establishes the following facts:

The plaintiff was the holder and owner of a promissory note by

endorsement. On the day of its maturity the plaintiff gave the note to the defendant, Randall, for protest. Randall duly protested the note, but failed to give proper notice of protest to the endorsers; by reason whereof the plaintiff had failed in his action against them as such endorsers; they were solvent and able to pay the note, while the makers were insolvent; and the execution against the makers had been returned "*nulla bona.*"

The official bond of Randall, on which this action is brought, is made to "The People of the State of California," and is conditioned "that he shall well and truly discharge the duties of the office of notary public, according to law." The Court below also finds that it is the custom of San Francisco, where the cause of action accrued, for notaries to give to endorsers of promissory notes notice of protest, and that the holders look to them for payment, and that the plaintiff paid Randall the fees allowed by law for so doing.

The Court below gave judgment for plaintiff. Defendants appealed.

*Saunders & Hepburn* for Appellants.

I. Giving of notice no part of a notary's duty at Common Law. Morgan *v.* Van Ingen, 2 Johns. R., 204; Brooks Off. of Notary, pp. 79, 139.

Protest of inland bills and promissory notes is only statutory here and in England, and was not, like the former, part of the common commercial law.

The Act of California of 1853, (see Compiled Acts 902 and 903,) in sections 4 and 5, makes distinct and separate provisions for—

1. Foreign bills; 2. Inland bills and promissory notes.

Notaries, in regard to the former, besides demand and protest, are "to exercise such other acts and duties, as by the law of nations and according to commercial usages, or by the law of any other state, government or country, may be performed by notaries public."

Section 5, in providing for inland bills and promissory notes empowers a notary only to demand and protest.

These are the *enabling* provisions.

Section 10, can and must, therefore, be construed not as enlarging the power but furnishing a rule of evidence. § 1 Hennen's Digest, p. 208, and cases cited.

Section 11. The condition of a notarial bond, if expressed at large, would necessarily be in the words of sections four and five, expressly defining their official acts and capacity.

Section 11 defines the causes of action, (respectively of course) arising upon the bonds; in the case of a foreign bill a neglect of any duty imposed by the "law of nations, commercial usage," etc., would, or might be, a cause of action on the official bond.

But such duties, it is submitted, could not be imposed in the case of an inland bill or promissory note. For whilst the language of this section is almost identical with section four, only so much of it as

refers to statute authority here can be consistently construed with section five relating to inland bills.

II. The cases to the contrary are of suits against banks generally, in which the official duties of notaries were collaterally discussed, and depended upon the question whether a bank undertaking the collection of commercial instruments by the general law of agency engage to do more than employ a competent person ordinarily employed for the purpose, to demand, protest, and give notice, without determining that the giving of notice is an official notarial act. The case in 17 Louisiana, (9 new series, p. 338,) was a case of this kind, and decides only that the making of a record as means of proof, is made an official act. See the Louisiana cases above referred to.

In Montillet *v.* Bank U. S., 6 Martin, it is decided a bank is responsible for the neglect of a notary to notify. But that it is no part of the official duty of a notary to give notice. 6 Serg. and R., 484.

The real question in this case in construing a Pennsylvania statute, was whether the certificate ought to be admitted in evidence against the bank. It is as distinguishable from the case at bar as the Louisiana cases. The Court seems, in this case, to have been influenced by a local usage of thirty years, (whether proved or not in the case does not appear.)

The "commercial usage," specified in sections four and eleven of our Act, even if not expressly confined to foreign bills, as contended, still must be taken in its primary and general acceptation, clearly proved in the cause.

*J. B. Haggin* for Respondent.

The bond is joint. If this be a defect, it is suggested in the complaint, by the authority of the statute, and the defendants are liable on the bond, as though no such defect existed. See Comp. Laws, § 11, p. 98.

It was the duty of the notary, under our statute, to give the endorsers notice of the non-payment or dishonor of the note.

The fifth section of the Act concerning notaries public (Comp. Laws, p. 902,) says: "Notaries may demand payment of promissory notes, and may protest the same for non-payment;" and this Court has decided, in the case of Connolly *v.* Goodwin, that promissory notes are protestable instruments.

The tenth section of the same Act, p. 903, makes the protest of a notary public of a promissory note, for non-payment, stating the service of notice on any or all of the parties by him, *prima facie* evidence of the fact of such notice; and by this section, as well as section five, the notary is authorized to give the notice.

By the fourth section of "An Act to regulate fees in office," (Comp. Laws, p. 721,) a fee is allowed to notaries public for drawing and serving notice of the non-payment of a promissory note; and by section eleven of the Act concerning notaries public, (Comp. Laws, p. 903,)

Tevis v. Randall.

for any misconduct or neglect of duty, in any of the cases in which a notary public is authorized to act, he and his sureties are made liable on his official bond to the parties injured.

In this case the notary undertook to give the notice, and was paid the legal fees for giving such notice. Upon his failure to give proper notice, we contend he is liable upon his bond. Brown v. The Philadelphia Bank, 6 Sergt. & Rawle, 484; Bellemire v. Bank U. S., 1 Miles, 173; Bank of Mobile v. Marston, 7 Ala., 108; 10 Ala., 284; Tieman et al. v. The Commercial Bank Natchez, 7 How. Miss., 656; Hyde and Goodrich v. The Planters' Bank Miss., 17 La., 560, new edition, vol. 9, p. 340; 3 Kelly, 493, case Walker v. Bank of Augusta; Bank of Rochester v. Gray, 2 Hill, 228.

In fact, in all the States, where the notary's certificate is made evidence of any fact or act by him, such act is regarded as official.

Mr. Justice HEYDENFELDT delivered the opinion of the Court.   Mr. Chief Justice MURRAY and Mr. Justice TERRY concurred.

1. The first assignment of error is that the bond is payable to " The People of the State of California," whereas it is insisted the Act requires it to be made payable to " The State of California." All that is requisite to constitute a good bond on this point, is that it should have a certain obligee, so there be no mistake as to the one to whom the service or duty is owing. Either of the names is descriptive of the same sovereignty, and may be indifferently used, as they are in various statutes.

2. Another objection is as to the form of the condition which requires the notary faithfully to perform the duties of his office.

The Act concerning notaries prescribes no condition for the bond, but it declares he shall be liable on his bond for any misconduct or neglect of duty. It follows that the only condition that could be inserted in the bond is the faithful performance of duty.

3. It is objected that the bond is in form joint, and not joint and several, as the law provides it shall be. But this matter of form was designed more fully to protect the State or those claiming under, and was an additional burden on the obligees, of the lack of which it does not seem right that the obligors should complain. But the 11th section of the Act concerning the bonds of officers, provides against the invalidity of the bond, even where it does not contain the substantial matter required by law. And the right to recover upon such bonds is not limited to any particular class of cases, but is co-extensive with the right to recover upon a regular statutory bond.

4. It is urged that the giving notice is not a notarial duty, and therefore, the failure of the defendant Randall to do so, is no breach of the condition of the bond.

At common law, promissory notes were not protestable securities; they are made so by our Act, and as a consequence, the protest of them must be attended with all the incidents belonging to foreign bills of exchange.

The recital of " notice given " in the protest, is made evidence of the fact of notice; the notary is provided with a fee bill for giving notice; in the face of these enactments it would be difficult to maintain that giving notice was not one of the official duties of the notary.

Judgment affirmed.