## THE PEOPLE *v.* SAMUEL LOVE *et al.*

THE names " The State of California " and " The People of the State of California " describe the same party, and a statute which requires a bond to be given in one name is satisfied by a bond given in the other.

It sufficiently appears from the complaint in this case, that the bail bond executed by defendants to procure the release of the party charged with larceny was taken by the County Judge, an officer having authority to take it.   See complaint.

A recognizance, under sections five hundred and eight and five hundred and sixteen of the Criminal Practice Act, for the appearance, etc., of the defendant, in which the bail " undertake and promise in the *penal* sum of $1,000 " that the accused shall appear, etc., and in default thereof " we bind ourselves jointly and severally unto the State of California in the *penal* sum of $1,000, and for the payment of which we bind ourselves, our heirs and executors firmly by

People *v.* Love.

these presents," is not void by reason of the term *penal.* This term does not necessarily make the sum specified to be paid on default a *penalty;* but the whole language of the recognizance, as also the character of the act to be performed and the impossibility of measuring the damages, upon a default, by any pecuniary standard, being considered, it was clearly the intention of the parties that the instrument should be a simple undertaking to pay $1,000, and it may be enforced as such.

This use and meaning of the terms " penalty " and " liquidated damages," in agreements, commented on.

The recognizance here, though not in exact conformity with the statute, is so substantially.

In suit in the District Court upon a recognizance of bail given under order of the County Judge for the release of a party charged with larceny, the complaint need not aver that the recognizance was certified by the Court of Sessions to the District Court, nor that the principal has not satisfied the judgment of forfeiture. The authorities that such certificate and averment are necessary, refer to proceedings by *scire facias* upon a record of the recognizance to which the accused is a party.

Under our practice, bail is taken by a recognizance executed by sureties, and the accused need not sign it ; and upon forfeiture, the proceedings on the recognizance can only be by action against the sureties.

Where the recognizance was filed in the Court of Sessions where the accused was to appear, there is no law requiring it to be transferred to the District Court.

If the forfeiture has been discharged, it is matter of defense in the answer.

APPEAL from the Sixteenth District.

Suit on a bail bond in the following words :

" STATE OF CALIFORNIA, ⎰
    COUNTY OF AMADOR. ⎱

    " In the matter of *The People of the State of California* v. *George Dodge.*

    " Whereas, the above named defendant was held by Justice M. J. Little, Township No. 1, county and State aforesaid, on an examination held before him on the first day of March, A. D. 1861, to answer to the charge of grand larceny, alleged to have been committed by said defendant at said county on or about the twenty-sixth day of January, 1861.

    "And whereas, said Justice in his commitment of defendant to the custody of the Sheriff of said county failed to state therein that the defendant was entitled to bail. And whereas, defendant by writ of *habeas corpus* this day sued out in said county was thereby brought before the County Judge of said county on said

writ, for the purpose of giving bail. And whereas, on the hearing of said writ of *habeas corpus* before the Honorable the County Judge, the said Judge, on a full investigation of said writ, ordered that said defendant, George Dodge, now imprisoned as set forth in said writ, be admitted to bail in the sum of $1,000, and that upon giving such bail bond that the defendant, George Dodge, be discharged from arrest and imprisonment.

" Now therefore, we, P. M. Dodge and Samuel Love, of the State aforesaid and householders therein, for and in consideration of the premises, and of the discharge of said defendant, George Dodge, from his said arrest and imprisonment as above stated, do by these presents undertake and promise, in the penal sum of $1,000, that the said defendant shall be and appear before any Court having jurisdiction of said cause, if said defendant shall be required so to appear, and answer any charge that may be found against him, and at all times to render himself amenable to the order of the Court in which said action is tried, and if found guilty, to render himself in execution ; and if defendant fail in either case, then we bind ourselves jointly and severally unto the State of California in the penal sum of $1,000, and for the payment of which we bind ourselves, our heirs and executors firmly by these presents.

" P. M. Dodge,<br>" Samuel Love.

" Jackson, March 11th, 1861."

The complaint avers that George Dodge was held to answer by a Justice of the Peace of Amador county upon a charge of grand larceny, and in default of bail was committed to the county jail ; that afterwards, upon the petition of Dodge, he was brought before the County Judge upon a writ of *habeas corpus* for the purpose of giving bail, and that the Judge ordered that he be admitted to bail, and be released upon the execution of the usual recognizance in the sum of $1,000 ; that defendants, as sureties of said Dodge, executed the bond above set forth, and which bond, after being acknowledged, was approved by the County Judge, and filed in the Court of Sessions, whereupon Dodge was discharged. The complaint then recites the indictment of Dodge for the offense afore-

said in the Court of Sessions of Amador ; that he was called and defaulted, whereupon the recognizance was declared forfeited ; and that the recognizance was executed and intended for the use and benefit of the plaintiffs, "The People of the State of California."

Defendants demurred to the complaint as not stating facts sufficient. Demurrer sustained. Plaintiffs appeal.

*Thomas H. Williams, Attorney General,* for Appellants.

I. *Tevis v. Randall* (6 Cal. 632) answers the first point made by defendants, that the bond is void because payable to " The State of California " instead of " The People of the State of California." Besides, the complaint avers that the bond was executed and intended for the use and benefit of " The People," etc.

II. The undertaking sets forth that it is executed in pursuance of the order of the County Judge upon application in the proceedings by *habeas corpus.* The statute under which it was executed does not require the statement in the body of the instrument of the name of the person taking it. All that the plaintiff is required to show is that it was taken by some one competent to receive it on behalf of the plaintiff. That it was taken by competent authority fully appears by the complaint. The recitals of the undertaking are sufficient to bind the defendants, and they cannot controvert them. (*McMillan v. Dana,* 18 Cal. 339.)

III. Respondents claim that the undertaking is void, because the word *penal* is used in connection with the obligation to pay the sum named in the instrument. The answer is, that the authorities hold that the intention of the parties to such bond governs, and not the strict terms they may have used. (Sedg. on Dam. 448, 449 ; 1 Bouvier's Inst. 294 ; *Harris v. Hardy,* 3 Hill, 393.)

Here, the order of the County Judge was that Dodge be admitted to bail in the sum of $1,000 ; not the *penal* sum. The defendant attempted to comply with the order. All parties seemed to have thought that they did so, and the Judge approved the bond. The whole proceeding seems to have been attempted to be conducted under the provisions of the statute. (Wood's Dig. 310, secs. 515, 516, 517.) The defendants clearly understood that if George Dodge did not appear, &c., as obligated, they would be liable to the

Government in the sum of $1,000. It was so intended by all parties. Defendants knew, and the officers knew, that it was impossible to assess the damages resulting to "The People of the State" from the nonappearance of George Dodge, and hence, they never could have intended that so absurd a thing as an inquiry into the damages should be submitted to a jury.

IV.    The point that the recognizance must be certified to the District Court, is answered by the authority cited in 3 Hill and *The People* v. *Shirley* (18 Cal. 121).

V.    As to the alleged judgment of forfeiture rendered against the principal, there is no such judgment. There was merely the statutory order of forfeiture, which must precede and is the authority for commencing the suit.

*W. P. George and N. C. Briggs*, for Respondents.

I.    The bond fails to conform to the statute, either in spirit or in substance.

1. Because it is made payable to the "State of California" instead of to the "People of the State of California." (Wood's Dig. 310, sec. 516 ; 2 Bibb. 96 ; 4 Ohio, 331.)    2. Because the bond no where shows that it was taken by an officer having authority so to do ; nor is this cured by any allegation of the complaint. (*Noble* v. *People*, 4 Gilman, 443.)    3. The bond is a penal bond, and is, therefore, contrary to the statute. (*Thoroughgood* v. *Walker*, 2 Jones [N. C.] L. 15 ; *Burrage* v. *Crump*, 3 Id. 330 ; Sedg. on Dam. 430, top of page 439 ; *Smith* v. *Dickeson*, 3 B. & P. 630, 632.)

II.    The recognizance must be certified from the Criminal Court to the Court where the suit on the bond is to be tried. (7 Mass. 207 ; 12 Id. 1.)

III.    A suit upon this bond is in the nature of a *scire facias*. (*Conner* v. *People of Illinois*, 20 Ill. 381 ; 14 Id. 312 ; 8 Bac. Abr. 624.)

IV.    There is no allegation in the complaint that the principal has not satisfied the judgment. (8 Bac. Abr. 616.)

NORTON, J. delivered the opinion of the Court—FIELD, C. J. and COPE, J. concurring.

People *v.* Love.

Appeal from a judgment sustaining a demurrer.

Neither of the objections to the complaint in this action which have been pointed out by the respondents is sufficient to sustain the judgment.   It was decided in the case of *Tevis* v. *Randall* (6 Cal. 632) that the names " The State of California " and " The People of the State of California " describe the same party, and that a statute which requires a bond to be given in one name, is satisfied by a bond given in the other.

The complaint avers that upon the accused being brought before the County Judge of Amador county, the Judge ordered that the accused be admitted to bail in the sum of $1,000, and that upon giving such bail bond he be discharged from imprisonment ; that the defendants, in order to release the accused from confinement, executed to the plaintiff the bond in suit ; that the defendants afterwards justified their responsibility upon said recognizance ; and that the same was afterwards duly approved by the said County Judge, and filed of record in the Court of Sessions of Amador county. By these averments it appears with sufficient certainty that the bond was taken by the County Judge, who is an officer competent to take such recognizance.

The statute requires (Crim. Pr. Act, secs. 508, 516) a recognizance for the appearance, etc., of the defendant, or in default, that the bail will pay to The People of the State of California the sum in which the defendant is admitted to bail.   In the recognizance in suit, the bail " undertake and promise, in the penal sum of $1,000," that the accused shall appear, etc., and in default thereof " we bind ourselves, jointly and severally, unto the State of California in the penal sum of $1,000, and for the payment of which we bind ourselves, our heirs and executors firmly by these presents." It is claimed that the presence of the word " penal" in this recognizance makes the sum specified strictly a penalty, which cannot be enforced.   Although it has been sometimes said that where the parties to an agreement use the word " penalty," it can under no circumstai.ces be held to be liquidated damages, while on the contrary the use of the term " liquidated damages," in the most determined manner, can have no effect where other considerations require that it should be treated as a penalty, certainly there never was any

44

good reason for attributing so different an efficacy to the use of these terms. Mr. Parsons, in his work on Contracts, (2 vol. 434) states the rule on this point to be: "that the action of the Court shall not be defined and determined by the terms which the parties have seen fit to apply to the sum fixed upon. Though they call it a penalty, or give it no name at all, it will be treated as liquidated damages; that is, it will be recognized and enforced as the measure of damages if, from the nature of the agreement and the surrounding circumstances, and in reason and justice, it ought to be." *Saniter* v. *Ferguson* (7 C. B. 716) and *Pierce* v. *Fuller* (8 Mass. 223) are cases in which the sum specified was enforced as liquidated damages, though called by the parties a penalty. For determining whether a specified sum was intended and must be treated as a penalty or as liquidated damages, it is a well established principle of construction that it will be treated and enforced as liquidated damages where it is agreed to be paid for doing or failing to do an act in respect to which the damages are uncertain and not measurable by any exact pecuniary standard. (2 Story on Cont. sec. 1021; *Bagley* v. *Peddie*, 5 Sandf. 192.) In view of these rules, considering the whole language of this recognizance, the character of the act to be performed, and the impossibility of measuring the damages upon a default by any pecuniary standard, there can be no difficulty in deciding that it was intended by the parties, and is valid and may be enforced, as a simple undertaking to pay the sum specified. Although this recognizance, in the particulars we have been considering and in some others, is not in exact conformity with the form given in the statute, it is so substantially.

The objection that there is no allegation that the recognizance was certified to the District Court in which this action is prosecuted, and that there is no allegation that the principal has not satisfied the judgment, and the cases cited in their support are inapplicable. They have reference to proceedings by *scire facias* upon a record of the recognizance, and to which the accused is a party. By our practice, bail is taken by a recognizance executed by sureties, and may be done without the accused, as was done in this case; and upon a forfeiture, the proceedings on the recognizance can only be by action against the bail. (Crim. Pr. Act, secs. 516, 537.) The

recognizance in this case was duly filed of record in the Court of Sessions where the party was to appear, and there is no provision of law requiring it to be transferred to the District Court. If the forfeiture has been discharged, it is matter of defense to be brought forward by answer.

Judgment reversed and cause remanded for further proceedings.