## JAMES G. FAIR v. GABRIEL STEVENOT et als.

NOTICE ARISING FROM POSSESSION UNDER AN UNRECORDED DEED.—Possession of real estate by the grantee in a prior unrecorded deed is not of itself conclusive notice of the grantee's title to a subsequent purchaser whose deed is first recorded, but such possession is only evidence tending to prove notice.

SAME.—If the grantee in a prior unrecorded deed relies alone on the fact of possession of the property sold, to show notice to a subsequent purchaser whose deed is first recorded, the subsequent purchaser may show in rebuttal that he used due diligence in making inquiry and failed to attain a knowledge of the prior unrecorded deed.

SAME.—Open, notorious, and exclusive possession of a prior grantee in an unrecorded deed is sufficient to put a subsequent purchaser whose deed is first recorded upon inquiry, and such possession is sufficient evidence of notice, unless the subsequent purchaser after making due inquiry fails to attain a knowledge of the unrecorded deed.

A PRIOR DEED NOT CONCLUSIVE AS TO TITLE—A deed which has been recorded is not conclusive evidence of title in the grantee, as against a grantee in a prior unrecorded deed who is in possession.

CONSOLIDATION OF CAUSES IN SUPREME COURT.—If the plaintiff and defendant each appeal from different portions of the same judgment, and the parties do not stipulate that either transcript may be added to the other, each appeal must be heard on its own transcript.

APPEAL from the District Court, Eleventh Judicial District, Calaveras County.

The Court gave judgment in favor of plaintiff for six sevenths, and in favor of defendants for one seventh of the quartz ledge, the property sued for.

The other facts are stated in the opinion of the Court.

*J. P. Barber*, for Appellant.

*Sloan & Provines*, for Respondents.

The fact stated is that " Morgan was an owner and in possession of his interests in the mine, superintending and working the same through himself or his agents." How was Morgan in possession? The answer is : " Through himself or his agents." This may be true, although Morgan, in person, never came within one hundred miles of the mine. The statement of Morgan's possession discloses no fact from which notice can be inferred.

By the Court, RHODES, J.

The plaintiff appealed from that portion of the judgment, which was entered in favor of the defendant for one seventh of the premises sued for. This appeal and the appeal designated as No. 369 are taken from different portions of the same judgment. The first appeal was heard upon the judgment roll alone, and this cause is presented on a statement on appeal filed by the plaintiff, to which is attached a stipulation, by which it is agreed, among other things, that the cause "may be argued on the foregoing statement." The causes have not been consolidated in this Court, and the parties have not stipulated that either transcript may be added to the other, and this cause must be heard on the transcript filed herein, without the aid of that filed on the appeal taken by the defendants.

The rehearing was granted in this cause mainly that a reargument might be had upon the question of notice to the defendants of certain unrecorded deeds under which the plaintiff claims, made prior to the deed under which the defendants claim.

It appears from the statement, that the deeds to Morgan, under whom the plaintiff claims, all of which were executed prior to the year 1858, were recorded on the 17th day of October, 1860; and that the constable's deed under which the defendants claim was executed July 7th, 1859, and was recorded on the 22d day of September following; and that the constable's sale, in pursuance of which the deed was executed, took place on the 28th of December, 1858. The statement does not contain a finding of the facts nor the evidence, except certain portions of that introduced by the defendants, to which objections were taken by the plaintiff, but certain facts are stated as facts in the case. It is stated as a fact that "Morgan was an owner and in possession of his interests in the mine, superintending and working the same through himself or his agents from the year 1851 to the time of the eviction by the defendants or their grantors in 1859." The only interest in the mine that is stated in the transcript to have

vested in Morgan was the interest of Rowe, which was the undivided one seventh of the mine. It further appears that in the progress of the trial " the Court decided that as the various deeds of Rowe's interest vesting the same in Morgan were not recorded until after the constable's deed to the execution creditors, who became purchasers under such execution for the amount of their judgment, said execution creditors and pur-chasers were subsequent *bona fide* purchasers, for a valuable consideration without notice; that their deed, being first recorded, had priority over Morgan's subsequently recorded deed, and entitled them to Rowe's interest of the one seventh so purchased by them at the constable's sale, to which decision plaintiff then and there excepted."

*Possession under an unrecorded deed evidence tending to prove notice.*

The plaintiff's position is that the possession of Morgan, in the manner set forth in the statement, was notice of his unre-corded deeds, and the defendants contend that it was merely evidence tending to prove such notice.

No case has heretofore been before the Court requiring a decision of the precise question now presented. Notice of the existence of a deed is of two kinds, actual or constructive. Neither the cases nor the text writers altogether agree in their classification of notices. In most cases, all descriptions of notices except positive—those in which the knowledge of the deed is brought directly home to the party—are held to be included among constructive notices; but in others, all notices that are not deduced as conclusive presumptions of law arising from a given state of facts, are considered to fall within the class of actual notices. (Sto. Eq. Juris. Sec. 399; *Dey* v. *Dunham*, 2 John. Ch. R. 182; *Grimstone* v. *Carter*, 3 Paige, 421; *Jackson* v. *Van Valkenberg*, 8 Cow. 260; *Tuttle* v. *Jackson*, 6 Wend. 213; and see also *Williamson* v. *Brown*, 15 N. Y. 354, in which Mr. Justice Selden ably reviews the authorities on this question.)

A recorded deed is an instance of constructive notice, and upon proof being made that it has been duly recorded, the

presumption of notice to the subsequent purchaser arises, and the presumption is a conclusive presumption of law, and no opposing evidence is admissible. But whether the notice of the unrecorded deed, implied from the fact of possession of the premises by the grantee, may properly be included within the one or the other of the kinds of notice, it could not be maintained, nor is it in any case said, that upon proof of such possession the opposite party is precluded, as in the case of the recorded deed, from offering any evidence to repel the implication of notice, nor that the implication arises from the single fact of possession, independent of any other fact in the case. If this be true, the presumption is not a conclusive presumption; and the fact of possession is only evidence tending to prove notice. Neither the recorded deed in the one case, nor the possession of the grantee of the unrecorded deed in the other, is the ultimate fact, but *notice* is the ultimate fact to be established by the evidence. Upon proof being made of the record of the deed, the notice necessarily results by operation of law; but not so upon proof of possession, for the possession may be taken and held in such various modes, and accompanied by so many qualifying circumstances, that each case must depend upon its own peculiar features, and therefore proof of possession is not of itself decisive without regard to the other facts of the case.

This becomes apparent upon noticing one of the many cases that will readily occur to the mind. The general rule is—except in cases of conclusive presumptions, like the recorded deed, actual notice of the deed to the agent of the subsequent purchaser, the recital in his deed of a former deed, etc.—that whatever puts the party upon inquiry, provided inquiry becomes his duty, is in judgment of law notice to him. Take the case where the holder of the unrecorded deed is personally in the open, notorious and exclusive possession of the premises, and who upon inquiry being made as to his title, asserts a claim derived from a hostile source; or the case where the person apparently in possession is subsequently shown to be

the servant of the owner, and who refuses to answer any inquiry concerning the title by which he holds; in neither case will notice be implied. And so in every case, where possession in any of its various characters is proven, if the facts of the case are not sufficiently certain as to time, place, persons and circumstances, to put the subsequent purchaser upon inquiry; or if, after having pursued the inquiry with proper diligence, he fails to attain the knowledge of the unrecorded deed, notice will not be presumed. Notice, therefore, *is the ultimate fact to be proven, and possession is evidence* upon that issue, and it may or may not be sufficient, according to the circumstances of the particular case; it being understood, of course, that the open, notorious and exclusive possession of the prior purchaser is sufficient to put the subsequent purchaser upon inquiry, and from that fact alone, notice of the unrecorded deed should be found, unless he shows that he pursued the inquiry with proper diligence, and failed to attain knowledge of the deed. (See *Kendall* v. *Lawrence*, 22 Pick. 544; *Bell* v. *Twilight*, 2 Foster, N. H. 518; *McMechan* v. *Griffing*, 3 Pick. 155; *Williamson* v. *Brown*, 15 N. Y. 354.)

It was held in *Hunter* v. *Watson*, 12 Cal. 376, "that the open notorious possession of real estate, by one having an unrecorded deed for it, is evidence of notice to a subsequent purchaser, of the first vendee's title;" and it was so decided also in *Stafford* v. *Lick*, 7 Cal. 489. Mr. Chief Justice Field says, in *Lestrade* v. *Barth*, 19 Cal. 676: "This possession and occupation were sufficient to put the purchaser upon inquiry as to the interest, legal or equitable, which the defendant held in the premises, and that inquiry should have been made of the defendant thus in the possession and occupation." It is not said, however, that the possession was *per se* notice, and if it could be so held, the inquiry incumbent upon him would be useless, for he would be chargeable with notice, whether the inquiry could or could not result in a discovery of the real facts of the case. In *Dutton* v. *Warschauer*, 21 Cal. 627, some of the language of the Chief Justice is broad enough to express the idea that possession amounted to notice, but the

context itself clearly shows, as does the concurring opinion of Mr. Justice Norton, that it was only intended to be said, that the possession of the defendant in the case, open, notorious and exclusive as it was found to have been, was sufficient to put the subsequent purchaser upon inquiry, as to the interest held by the defendant.

In this case, as presented to us, there is the single fact that Morgan was in possession of his interests in the mine, superintending and working the same through himself or his agents, but the evidence on that point is not given, nor does it appear that the Court found that the defendants did or did not have notice of Morgan's deeds. If the evidence were all before us, in respect to Morgan's possession, and the inquiry, if any, instituted by the defendant, it would not be proper for us to assume the functions of the District Court, and find the facts of the case.

The defendants must prevail, unless they had notice of the unrecorded deeds to Morgan; but it appears from the case, as presented in the transcript, that the Court below wholly disregarded the evidence establishing the fact of Morgan's possession, and gave priority to the constable's deed, through which the defendants claim, solely on the ground that it was first recorded. This was error, for the fact stated in relation to the possession of Morgan, tended to prove notice to the purchasers at the constable's sale, and priority should not have been assigned to the constable's deed, because first recorded, irrespective of the question of notice to the purchasers, of the existence of Morgan's deeds.

Judgment for the defendants, for the one seventh of the premises sued for, reversed, and the cause remanded for a new trial as to that portion of the premises.