Statement of Facts.

## MARY A. SMITH v. W. YULE.

NOTICE OF PRIOR UNRECORDED DEED.—Notice of a prior unrecorded conveyance must be clearly brought home to a subsequent purchaser whose conveyance is first recorded, before the unrecorded deed will prevail over the one first recorded.

PURCHASER OF LAND IN POSSESSION OF ONE NOT THE GRANTOR.—A person purchasing land in the possession of a person other than the grantor, is charged by the law with the duty of inquiring by what right or title he holds.

WHERE THE POSSESSION OF LAND IS CONSISTENT WITH RECORD TITLE.—If the apparent possession of land is consistent with the title appearing of record, it is not the duty of the purchaser to make any inquiry concerning the title beyond what the recording office shows.

SALE OF LAND IN POSSESSION OF VENDOR AND ANOTHER PERSON.—If at the time of the sale of land the record title is in the vendor and the vendor is in possession, and another person is also in possession, there is no presumption of title out of the vendor, and no inquiry need be made of the other person as to his right or title.

WHAT POSSESSION OF LAND SUFFICIENT TO GIVE NOTICE.—If the owner of a lot in a city occupies part of a house on the same, and another person occupies the remainder of the house, and while this occupation of both continues the owner conveys to this other person whose deed is not recorded, and then conveys to a third person whose deed is first recorded, the possession of the one having the unrecorded deed is not sufficient to give notice to the subsequent purchaser.

WHAT POSSESSION IS NOTICE OF UNRECORDED CONVEYANCE.—The possession of a vendee with an unrecorded conveyance will not give notice to a subsequent purchaser whose conveyance is first recorded, unless such possession is open, notorious, and exclusive.

APPEAL from the District Court, Sixth Judicial District, Sacramento County.

On the 8th day of November, 1855, the plaintiff, together with Mathew Simmons, E. H. Morse, and Mary D. Culver, purchased of Thomas Brooks two blocks of land in the City of Sacramento, lying between E and F and Eighteenth and Twentieth streets, and Brooks executed to them a deed, which was recorded. On the 21st of August, 1856, the plaintiff Morse and Culver united in a deed of all the property to Simmons, in order to enable said Simmons to make sale of the same, and this deed was recorded. Simmons soon after sold all the lots to various parties, except Lot Number Seven, and upon a settlement between the parties it was agreed that plaintiff should have this lot. In accordance with this understanding, Simmons, in August, 1856, executed a deed of the same to plaintiff. This deed was not recorded. Simmons

afterwards, on the 10th day of February, 1858, executed a
mortgage on the lot to defendant Yule. Yule foreclosed this
mortgage in 1861, and obtained a Sheriff's deed of the prop-
erty in May, 1862. The plaintiff was not a party in the
foreclosure suit. The plaintiff, who was living on the lot, and
had occupied it exclusively after September, 1858, and had
made improvements thereon of the value of about two thou-
sand dollars, afterwards brought this action to quiet the title.
She recovered judgment in the Court below, and defendant
appealed.

The other facts are stated in the opinion of the Court.

*H. H. Hartley*, for Appellant, argued that plaintiff's deed
not having been recorded, and Simmons, after his sale to her,
having been permitted still to occupy the premises, the pos-
session of plaintiff was not sufficient to put a purchaser or
mortgagee upon inquiry as to the condition of the title, or
claims, if any, of plaintiff, as an occupant of a part of the
premises; and that the possession of one holding under an
unrecorded deed was not constructive notice to a subsequent
purchaser whose deed was first recorded, unless that posses-
sion was actual and exclusive; and cited 2 Mass. 508; 4 Id.
637; 4 N. H. 366; 2 Sumner, 291, 555–6; and 8 Greenleaf,
77.

*E. W. F. Sloan*, also for Appellant, argued that the registry
of a deed was constructive notice to all subsequent purchasers,
but possession by the vendee under a prior unrecorded deed
was not constructive notice, and only put the subsequent
purchaser on inquiry; and cited *Williamson* v. *Brown*, 18 N.
Y. 362; *Fassett* v. *Smith*, 23 Id. 259; and *Harris* v. *Arnold*,
1 Rhod. 137; and that the possession which would put the
second purchaser upon inquiry must be open, notorious, and
exclusive, and such as would naturally suggest to an intended
purchaser of ordinary prudence that the title of the property
was not where, of record, it appeared to be; and cited *Bil-
lington* v. *Welsh*, 5 Binn. 132; *Boggs* v. *Varrier*, 6 Watts &
Serg. 469; *Kendall* v. *Lawrence*, 22 Pick. 544; and *Bell* v.

*Twilight*, 2 Foster N. H. 518. Mr. Sloan also argued that the possession of the prior grantee in the unrecorded deed must have been obtained contemporaneously with the reception of the unrecorded deed, or by entry thereunder; and cited *Hewes* v. *Wiswell*, 8 Green. 98 ; *McMechan* v. *Griffing*, 3 Pick. 155 ; *Veazie* v. *Parker*, 23 Maine, 170.

By the Court, RHODES, J.:

We have bestowed much attention upon this case since its reargument by the counsel for the defendant, for questions of the importance of those presented demand mature deliberation before a conclusion is reached. Our labors have not been lightened by the assistance of counsel for the opposite party—the plaintiff having failed to present us with points, authorities or argument. Questions, the decision of which involve consequences of such magnitude as do those arising in this case, ought to be fully discussed on both sides before they are decided. Of the defendants no complaint can be made, for their brief on reargument will not detract from the well earned reputation of its author, who was distinguished alike for his industry, his candor and his professional ability. Our former opinion must be modified in respect to some of the points passed upon, and the decision changed.

The Court below, we are satisfied, erred in finding that at the time of the execution of the mortgage by Simmons to Yule, Yule had notice of the unrecorded conveyance executed by Simmons to the plaintiff in 1856. The evidence shows, that shortly after the conveyance of the two blocks, in 1855, to the plaintiff and Simmons and their two associates in the purchase, the plaintiff and Simmons took possession of the blocks and occupied a small house that the four purchasers or some of them erected on one of the lots—the lot in controversy—and that they so continued in the occupation of the house and possession of the premises up to the time of the execution of the deed of Simmons to the plaintiff; and that from thence up to a time subsequent to the execution of the

mortgage by Simmons to Yule they remained apparently in the same occupation and possession of the house and premises. At the date of the mortgage Simmons occupied one room and the plaintiff occupied the rest of the house, but there was nothing in the circumstances surrounding the occupation, to indicate to a person looking at the premises that the occupation or possession of either was in any respect limited.

It having been shown that Simmons, at or about the date of his mortgage to Yule, in fact occupied a room in the house as a lodger, we proceeded, in our former opinion, to consider Simmons' true relation to the premises, so far as the possession was concerned, as between him and the plaintiff, and to ascertain which of them was deemed in law to hold the possession. Upon further reflection, we are of opinion that this investigation cannot be legitimately entered into for the purpose of ascertaining whether the facts were sufficient to put the subsequent purchaser upon inquiry as to some right or title not appearing of record. It is said in *Fair* v. *Stevenot*, 29 Cal. 490, in entire harmony with the current of authority, that the open, notorious and exclusive possession of a purchaser holding under an unrecorded deed is sufficient to put a subsequent purchaser upon inquiry as to the title of the person in possession, and that notice of the unrecorded deed should be found from such possession, unless it appears that the inquiry has been diligently prosecuted, but without success. The doctrine of constructive notice, implied from possession, springs from the apparent—not the true—relation that the person in possession bears to the title. It proceeds upon the appearances and the presumptions arising therefrom. The person in possession is presumed to be rightfully so, and the subsequent purchaser finding a person in the apparent possession, is charged by the law with the duty of inquiring by what right or title he holds. The ground upon which the holder of the unrecorded conveyance is permitted to prevail over a subsequent purchaser, who has recorded his conveyance according to the statute, is that it was fraudulent in him to take and register a conveyance to the prejudice of the

known title of another.   And as fraud will not be presumed, but must be proven, the notice, whether actual or constructive, of the unrecorded conveyance, must be clearly shown before the exception established by the Courts to the Registration Act will be permitted to prevail.

Inquiry does not become a duty where the apparent possession is consistent with the title appearing of record.   The subsequent purchaser cannot be said in such case to have either neglected or refused to make inquiry for a title not appearing of record, for none was suggested by the apparent possession, and therefore for his failure he cannot be adjudged guilty of a fraud.   Where the vendor is in the apparent possession, the subsequent purchaser finding the title of record in the vendor, is put upon no further inquiry, because the possession appears to be according to the title; and if at the same time another person is also in possession, there is no presumption of title in him inconsistent with that found in the vendor.   In *Billington* v. *Welsh,* 5 Bin. 132, the vendor sold by parol a part of a tract of land, and put the vendee in possession, and retained possession of the remainder of the tract; and it was held that as there was nothing to distinguish the possession of the vendee from that of the vendor, it would not impart notice to the subsequent purchaser.   The vendor had erected a forge, gristmill and sawmill, with a number of houses such as are usually connected with works of that kind, and the vendee had possession of only a small portion of land at no great distance from the iron works; and the Court thought that "it would naturally occur to a person noticing the forge, mills, and adjacent buildings and inclosures, that they all belonged to the proprietors of the works."

This leads us to the only remaining point made by the defendants on the reargument that we shall notice.   It is insisted that the possession of the first vendee must be not only open and notorious, but also exclusive.   This appears to have been the view of this Court in all the later cases.   (See *Lestrade* v. *Barth,* 19 Cal. 675 ; *Dutton* v. *Warschauer,* 21 Cal. 627 ; *Fair* v. *Stevenot,* 29 Cal. 486.)   And the doctrine is very

uniformly sustained by the current of authority. (*McMechan*
v. *Griffing*, 3 Pick. 149 ; *Kendall* v. *Lawrence*, 22 Pick. 542 ;
*Hanrick* v. *Powell*, 5 Binn. 132 ; *Hewes* v. *Wiswell*, 8 Green-
leaf, 98 ; *Butler* v. *Stevens*, 26 Maine, 484 ; *Le Neve* v. *Le Neve*,
·2 Lead. Cases in Eq.)   The regret has often and justly been
expressed that the plain rule of the statute was ever departed
from, or that if any exception was made, it had not been con-
fined to cases of actual notice brought directly home to the
persons to be charged ; but as it has been made to include
notices implied from the possession of the prior purchasers,
the remedy, if any is needed, is with the Legislature ; but the
Court will confine the exception to cases of open, notorious
and exclusive possession—to the exclusion, at least, of the
grantor.   The subsequent purchaser is not justly chargeable
with fraud in failing to make inquiry for a prior unrecorded
conveyance, unless there is some fact or circumstance apparent
to his observation, calculated to excite the suspicion of a pru-
dent man dealing with the property, that a prior conveyance
had been made.   The existence of such a conveyance would
not be suggested by the possession of a third person, while
the vendor held the title appearing of record, and was in the
apparent possession.

Judgment reversed and cause remanded for a new trial.

Mr. Chief Justice CURREY expressed no opinion.