HON. JOHN R. LEWIS, } JUSTICES.
HON. W. C. WHITSON,

THE PEOPLE, RESPONDENTS, *v.* HENRY MYERS AND THOMAS McDONALD, APPELLANTS.

PLEADING—COMPLAINT—RECOGNIZANCE.—An allegation in a complaint, that "a recognizance was made and duly delivered" must be held to mean that it was returned to the clerk of the court, as required by law; and such allegation is sufficient.

TITLE—RECOGNIZANCE.—The "people of the territory of Idaho" and "the people of the United States in the territory of Idaho," are substantially the same; hence, a recognizance executed to "the people of the territory of Idaho" is a substantial compliance with section 503 of the criminal practice act, and an action may be maintained thereon, in the name of the people of the United States in the territory of Idaho.

APPEAL from the third judicial district, Owyhee county.

*J. W. Huston,* for the appellant.

*L. P. Higbee,* for the respondent.

LEWIS, J. delivered the opinion. NOGGLE, C. J., and WHITSON, J., concurred.

This action is brought upon a recognizance. It is alleged

in the complaint that on the third day of April, 1868, at Owyhee county, the defendants made and duly delivered a written recognizance, a copy of which is set out, wherein it is recited, that on the third day of April, 1868, an order was made by James Lyom, a justice of the peace in and for Owyhee county, that John Fisher be held to answer upon a charge of assault with intent to commit murder, upon which he has been duly admitted to bail in the sum of two thousand five hundred dollars; that defendants undertook that said Fisher shall appear and answer the said charges, etc., or if he fail to perform any or either of the conditions, that defendants will pay to the people of Idaho territory the sum of two thousand and five hundred dollars," and it further appears that the defendants duly justified as such bail.

It is further alleged in the complaint, that the grand jury at the June term of the district court for Owyhee, found and presented a true bill of indictment against Fisher, upon the charge of an assault with intent to commit murder, which was filed, as required by law; that on the eleventh of June, the defendant, Fisher, was by order of the court, and in open court, duly called to answer said indictment, but came not, and that thereupon an entry was made of record that said Fisher had failed to appear and answer said indictment, and the recognizance was declared forfeited; that no part of the same has been paid. The defendant McDonald interposed a demurrer to the complaint, on the ground that the complaint did not state facts sufficient to constitute a cause of action. The demurrer was overruled, and defendants electing to stand thereon, and having failed to answer, judgment was rendered for plaintiff for the sum claimed with costs. Defendants appeal.

The sole question before this court for consideration, is this: "Does the complaint state facts sufficient to constitute a cause of action?" It is insisted by the defendants that the complaint is insufficient for several causes, among which are the following:

1. That the suit is brought in the name of the people of the United States, in the territory of Idaho, plaintiffs, while

the recognizance is executed to "the people of the territory of Idaho."

2. That it does not appear that the recognizance was delivered to any person authorized to receive it.

The recognizance is an exact copy of that set out in section 503, Criminal Practice, except that the form therein given is to the people of the United States, in the territory of Idaho, while in the case at bar it is executed to the people of the territory. Section 588, Criminal Practice, provides that "neither a departure from the form and mode prescribed by this act, in respect to any pleadings or proceedings," nor an error or mistake therein, shall render the same invalid, unless it have actually prejudiced the defendant, or tended to his prejudice in respect to a substantial right.

In the case of the *People* v. *Bugbee*, 1 Idaho, 96, it was held by this court that the people have the legal capacity to sue upon breaches of bonds given by defendants in criminal actions. In *Tevis* v. *Randall et al.*, 6 Cal. 632, it was held that an official bond made to "the people of the state of California" is sufficient though the statute required it to be made to the state of California.

The people of Idaho territory and the people of the United States in the territory of Idaho are substantially the same, and the defendants are in no way prejudiced in this case by so holding. We think the recognizance is sufficient as to the second point. Section 172 of the criminal practice act declares that the magistrate shall return to the clerk of the district court all recognizance of bail. It is alleged that the recognizance was made, and duly delivered. These allegations must be held to mean that such recognizance was returned to the clerk as required by law, and he was clearly authorized to receive it without examining the other points raised by counsel. We are clearly of opinion that the complaint is sufficient, and the judgment of the district court is, therefore, affirmed.