GASCÓN, PLAINTIFF AND APPELLEE, *v.* ALVAREZ, DEFENDANT AND APPELLANT.

APPEAL from the District Court of San Juan in an Action of Debt.

No. 2156.—Decided April 20, 1920.

NOTICE BY MAIL.—The provision of section 321 of the Code of Civil Procedure, that notice may be given by mail when the person giving the notice and the person to be notified reside in different places, cannot be applied to a case where such persons reside in different wards of the same municipality between which there is a mail service.

The facts are stated in the opinion.

*Mr. A. Sarmiento* for the appellant.

*Mr. J. Martínez Dávila* for the appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

The District Court of San Juan dismissed an appeal from the municipal court on a motion accompanied by an affidavit of service thereof in which the attorney for the appellee stated that he had deposited in the post office of San Juan an envelope with postage affixed containing a copy of the said motion and of a certificate from the clerk of the municipal court referred to therein, "addressed to Antonio Alvarez González in Puerta de Tierra where he has his residence," and that between the City of San Juan and the *barrio* of Puerta de Tierra there is a regular and daily mail service.

Thus it appears from the affidavit of service not only that the residence of the defendant was known to the attorney for the plaintiff, but also that the said defendant and the said attorney both resided within the municipality of San Juan. On the other hand, the affidavit does not show that the notice was sent by registered mail.

Section 320 of the Code of Civil Procedure provides as an alternative to personal service upon a party "if his residence be not known, by putting the same enclosed in an envelope, into the post office, directed to such party by registered mail."

Section 321 provides for service by mail, "where the person making the service, and the person on whom it is to be made reside, or have their offices in different places, between which there is a regular communication by mail."

Apparently the service attempted herein was upon the theory that persons dwelling in different wards of the same municipality reside "in different places" within the meaning of this statute, but we cannot concur in this view of the matter. Personal service is the general rule and when possible the better practice. The scope of the statutory provisions for substituted service in the interest of convenience where the parties or attorneys live or have their offices in different places should not be extended by judicial interpretation. If "different places" may be construed to mean different wards of the same municipality they might with equal reason be held to include different buildings within the same block, and the exception would soon become the rule. Obviously the Legislature did not intend to introduce such uncertainty, confusion and injustice as would follow any loose construction of the language used or laxity in conforming the practice to the requirements prescribed.

Attorneys who resort to the exceptional method must see to it that the record discloses all the circumstances justifying such action and that the procedure provided by law has been strictly followed. *Quintero* v. *Morales,* 19 P. R. R.

1120; *Tettamauzi* v. *Zeno*, 24 P. R. R. 49; *Rivera* v. *Martinez*, 26 P. R. R. 127; *Heinlen* v. *Heilborn*, 94 Cal. 636; *Hogs' Back Company* v. *New Basil Company*, 63 Cal. 121; *Cunningham* v. *Warnekey*, 61 Cal. 507; *Reed* v. *Allison*, Idem, 461; *Moore* v. *Besse*, 31 Cal. 180.

The judgment appealed from must be reversed and the case remanded.

*Reversed and remanded.*

Chief Justice Hernández and Justices Wolf, del Toro and Aldrey concurred.