[Civ. No. 17102.   Second Dist., Div. Two.   Oct. 25, 1949.]

A. MADDOX et al., Respondents, v. HICKS HERRINGTON et al., Defendants; BEE JOHNSON, Appellant.

Roy H. Smith, John M. Hines, Jr., and Marshall Stimson for Appellant.

Jefferson & Jefferson, Bernard S. Jefferson and Martha Malone Jefferson for Respondents.

McCOMB, J.—From a judgment in favor of plaintiffs after trial before the court without a jury in an action to quiet title to a parcel of real property, defendant Johnson appeals.

FACTS: In 1927, defendant Johnson entered into a contract to buy a certain parcel of land located in the city of Los Angeles from Mr. and Mrs. Herrington, and at such time took possession of the property. Subsequently a new contract for the purchase of the property was entered into between defendant Johnson and the Herringtons. Neither of the aforementioned contracts was ever recorded.

On or about August 2, 1937, the Herringtons, by grant deed, conveyed the property to Earl C. Brody. The latter in turn deeded it to plaintiffs September 20, 1940.

■ ■ QUESTIONS: First: *Were plaintiffs bona fide purchasers in good faith for value and without notice of defendant Johnson's claim to the property?*

This question must be answered in the affirmative and is governed by this pertinent rule: Possession of land by one other than the grantor puts a purchaser from the grantor upon inquiry as to the rights of the possessor and if, upon inquiry, no rights are revealed the purchaser takes free of any claim of the possessor. (*Fair* v. *Stevenot,* 29 Cal. 486, 489, 490; *Marlenee* v. *Brown,* 21 Cal.2d 668, 676 [134 P.2d 770].)

In the present case the record discloses that plaintiff A. Maddox, prior to purchasing the property from Mr. Brody, was introduced to Mr. Johnson from whom he inquired whether the latter had any interest in the property. He was told that he had none, and Mr. Johnson signed a disclaimer of any interest in the property, which document was received in evidence. Clearly such evidence sustains the trial court's finding.

■ Second: *Did the trial court err in receiving in evidence the disclaimer signed by defendant Johnson?*

This question must be answered in the negative. The law is established that extrajudicial admissions or declarations of a party against his own interest as to the matter or question in dispute are admissible in evidence. (Code Civ. Proc., § 1870, subd. 2; *Scragg* v. *Sallee,* 24 Cal.App. 133, 142 [140 P. 706].) The disclaimer received in evidence was admissible under the foregoing rule.

In view of our conclusions it is unnecessary to discuss other points argued by counsel.

Affirmed.

Moore, P. J., and Wilson, J., concurred.