ALBANY,
Oct. 1828.

Jackson
v.
Burton.

</div>

---

### JACKSON, *ex dem.* W. and E. BOWEN, *vs.* BURTON.

THIS was an action of ejectment brought for the recovery of about three acres of land, tried at the Herkimer circuit, in March, 1828, before the Hon. Nathan Williams, one of the circuit judges. A verdict was taken for the plaintiff, subject to the opinion of this court on a case to be made. From the case it appeared, that on the 24th January, 1801, the defendant conveyed by deed of warranty to Benjamin Bowen, the premises in question, which, on the 24th May, 1817, were conveyed by the sheriff of Herkimer to the lessors of the plaintiff, by virtue of a sale under an execution on a judgment in their favor, against Benjamin Bowen, an exemplification of which judgment and the execution were produced. The defendant read in evidence, a deed to him from John B. Murray, of a large lot, including the premises in question, bearing date 14th May, 1797, and shewed that in 1800, he cleared a part of the premises in question, which had been enclosed and occupied by him ever since. It appeared that about one half of the premises was a rough piece of ground, composed of the steep banks of both sides of a stream, had never been cleared or enclosed, was mostly unfit for cultivation, and chiefly valuable as a mill-site. It was proved by a witness who had been an assessor of taxes for 14 or 15 years in the town where the premises are situated, that they had been assessed as the property of Benjamin Bowen, up to the time of the sheriff's sale, and subsequently as the prop-

In ejectment, where the grantor of a small lot of land remained in the possession of the premises conveyed for 27 years, and no entry or act of ownership on the part of the grantee was shewn, it was held that such possession was not adverse ; that nothing but a clear, unequivocal and notorious disclaimer, of the title of the grantee, could render the possession, however long continued, adverse. It was further held, that the defendant was not entitled to notice to quit ; that the relation of landlord and tenant did not subsist between the grantor and those claiming under the gran-

tee, the more especially as the nature and situation of the property repelled the presumption of a hiring of the premises by the grantor.

erty of the lessors of the plaintiff; that the lot for many years had been called in the neighborhood by the name of *Bowen's mill seat,* and that it was his impression and belief, that the defendant in giving an account of his property subject to taxation, had excepted the premises, and said that they must be taxed to Bowen. The plaintiff further proved, that at the commencement of this suit, the defendant said that he claimed the property as owner under a deed from John B. Murray.

It was insisted for the defendant, that he had shewn a sufficient adverse possession to bar the plaintiff's right of recovery ; and if not, that the plaintiff was not entitled to recover for the want of having given notice to quit.

*A. Loomis,* for plaintiff. The possession of the defendant was not adverse. After his conveyance to Bowen, his possession could not be deemed adverse to his deed, but must be considered in accordance with it. If not adverse at its commencement, it subsequently could not become so. (1 *Cowen,* 605. 1 *Caines,* 190. 3 *Johns. R.* 223, 499.)

The defendant was not entitled to notice to quit. He was a tenant at sufferance, or at will, to Benjamin Bowen, and the ralationship of landlord and tenant was not shewn to have been created between the lessors and him. (4 *Johns. R.* 215. 3 *Johns. R.* 422. 13 *Johns. R.* 106.) The fact of his holding as tenant to the lessors, is negatived by the proof that he claimed the land as owner under the deed from Murray, which was antecedent to the deed from himself to Bowen. Even if entitled to notice to quit from Benjamin Bowen, had his title not been divested, the lessors were not bound to give such notice ; they were purchasers at a sheriff's sale ; the defendant was the tenant of Benjamin Bowen, who not being entitled to such notice, his tenant could not claim it.

*A. Hackley,* for defendant. The defendant having been in possession for 27 years, claiming the property as his own, and no entry or act of ownership being shewn on the part of his grantee or those claiming under him, a reconveyance

may be presumed. Benjamin Bowen, or the lessors of the plaintiff, could not have conveyed without subjecting themselves to the penalties of the act against champerty and maintenance. Admitting that Benjamin Bowen had title to the premises, he and those claiming his title, having neglected to enter within 20 years after the accruing of the title, and the property having been held adversely, the lessors of the plaintiff are not entitled to recover. (13 *Johns. R.* 513.) If the possession was not adverse, then the defendant was a tenant, and entitled to notice to quit.

*By the Court*, SUTHERLAND, J. The defendant, on the 24th January, 1801, conveyed the premises in question by a warrantee deed, to Benjamin Bowen. By that conveyance, all the right and title which the defendant then had in the premises, passed to his grantee ; and even any title subsequently acquired, would have enured to his benefit. Although the defendant remained in possession after the conveyance, it was not as owner, but as tenant to his grantee, and nothing but a clear unequivocal and notorious disclaimer of the title of his landlord, could render his possession, however long continued, adverse. So far from there having been any such disclaimer, until about the time of the commencement of this suit, it appears affirmatively in the case, that the psemises have, ever since the conveyance, been known in the neighborhood, as " *Bowen's mill seat ;*" that they have been uniformly assessed as the property of Bowen, and the assessor who testified to these facts, was strongly of opinion, that the *defendant* in giving in a list of his property, had excepted the premises in question, and said they must be assessed to Bowen. There is not the slightest pretence, therefore, of an adverse possession. All the right, title and interest of Benjamin Bowen to and in the premises in question, was transferred to the lessors of the plaintiff by the sheriff's deed of May 24th, 1817. The judgment and execution in pursuance of which the sale took place and the deed was given, were regularly proved ; and the only remaining question is, whether, under the circumstances of the case, the defendant

was entitled to notice to quit? The case of *Jackson, ex dem. Phillips*, v. *Aldrich*, (13 *Johns. R.* 106,) appears to be decisive against the defendant upon this point. There the defendant, Aldrich, had, in May, 1802, conveyed the premises to Harry Garrison, and Garrison, in 1812, conveyed them to the lessor Phillips, Aldrich, the defendant, having the whole time remained in possession. It was held, that even as between Garrison and the defendant, the relation of landlord and tenant did not exist, so as to entitle him to notice to quit, and that he was, at most, but a tenant at will; and that relationship was determined by the conveyance from Garrison to the lessor. The cases are entirely analogous. The case at bar, however, is strengthened by the fact, that the premises in question are composed almost entirely of the steep and precipitous bank of a creek or stream of water; that they are strictly a mill-site, and of little or no value for any other purpose. As they were worth nothing, therefore, to the defendant, it is not to be presumed that there was any agreement or contract on his part to pay for the use of them. The fact undoubtedly is, that they were left unimproved until the circumstances of the adjacent country should render the erection of a mill expedient, being incapable of being occupied or improved in any other manner.

The cases are all collected and considered in *Jackson v. Aldrich*.

                         Judgment for plaintiff.