### JACKSON, ex dem. Smith, vs. LONG.

Where a farm had been divided into two parts, and according to such division,
the separate parts had been possessed as distinct farms for *thirty years*, and on
survey it, was ascertained that the owner of one portion had in his posses-
sion about 22 acres more than the other, *it was held*, in an action of eject-
ment, brought to equalize the possessions, that the rights of the parties were
controlled by the original division and the possessions under it, notwithstand-
ing the survey had been procured by the defendant, it not having been con-
summated by a conveyance or surrender, and notwithstanding the repeated
admissions of the defendant that the plaintiff was the owner of one half of
the farm, and the fact that the parties had always each paid one half of the
rent reserved in the original grant.

THIS was an action of *ejectment*, tried at the Albany circuit,
in August, 1828, before the Hon. WILLIAM A. DUER, then
one of the circuit judges.

The lessor of the plaintiff and the defendant were in posses-
sion of different portions of a farm, which, in 1768, was grant-
ed by lease in fee, subject to rent, by Stephen Van Rensselaer
to Adrian Bradt; each paid half of the rent, and had done so
for 15 or 20 years. The defendant alleged that he paid rent
for more land than he had in his possession, and insisted upon
having a survey made. In 1826 a survey was made by a sur-
veyor, jointly employed by the parties, when it was ascertain-
ed that the farm contained 259¾ acres, of which the defendant
had in his possession 141 acres, and the lessor of the plaintiff

in this suit only 118¾ acres, upon which this suit was commenced to equalize the possessions of the parties. The plaintiff proved that more than 30 years before the trial *one half of the farm* was conveyed by the heirs of Bradt, the original lessee, to one Darling, from whom the lessor of the plaintiff derived his title; he also proved admissions made by the defendant at various times, that one half of the farm belonged to the lessor of the plaintiff, and gave evidence of the survey made in 1826, and of the circumstances leading to it. On the part of the defendant it was shewn that more than 30 years before the trial, a *division* of the farm into two parts was made by the heirs of Bradt, that a fence was erected on the division line, which had been maintained to the time of the trial, and that according to it the possessions had been held by the lessor of the plaintiff and the defendant, and those under whom they claimed. It also appeared that at the time of the original division, the house, garden and orchard then on the premises were on the part of the farm now in the possession of the lessor of the plaintiff. A verdict was taken for the plaintiff, subject to the opinion of this court.

*J. V. N. Yates*, for plaintiff.

*J. T. B. Van Vechten*, for defendant.

*By the Court*, SUTHERLAND, J. The evidence establishes a clear, distinct and uninterrupted adverse possession of the respective parts of the farm for more than 30 years. The farm was divided by the heirs of Bradt before the conveyance to the lessor, or those under whom he holds. Those conveyances, therefore, were not of an undivided portion of the farm, but of a divided half, according to the division fence. The evidence renders it extremely probable that it was intended when the partition was made by the heirs of Bradt, that the part of the farm now owned by the lessor should contain less land than the other: for it appears that all the buildings, garden and orchard were on that part, and if the division was designed to be equal in value, more land would naturally have been given to the other. However, no matter what

were the intention of the parties ; their rights are now settled by lapse of time.

The manner in which the parties have paid the landlord's rent, in no respect affects their rights in this case. The lease covers the whole farm ; both parts of it are liable to the landlord for the rent of each. The agreement that each should pay half of the rent, would afford no evidence that their possessions and rights, as between themselves, were not entirely distinct and settled. It might, or might not, in connexion with other circumstances, be evidence that the parties supposed that their farms contained an equal quantity of land ; but their opinions or belief upon that subject cannot vary or affect their legal title to the land itself.

Nor can the survey of 1826, though made by the consent of the defendant, operate as a waiver of his legal rights, acquired by possession or otherwise. There was not even a parol agreement to abide by the result of the survey. If there had been, it would have been of no legal force, unless consummated by subsequent acts or deeds. 2 Caines' R. 198. 9 Johns. R. 61. 15 id. 503. 16 id. 302.

The defendant must have judgment.