AUSTIN R. HOWLAND *vs.* THE NEWARK CEMETERY
ASSOCIATION.

The possession of a party who enters under an executory contract to purchase
land, and subsequently obtains his deed in pursuance of the contract, is ad-
verse from the time of entry, as to all the world, except the vendor.

The defendants held under a deed executed less than twenty years before the
commencement of an action brought to recover the possession of land.
*Held* that evidence to show that more than twenty years before the action
was commenced, they entered into possession under an executory contract for
the purchase of the premises, which sale was afterwards consummated by
deed, was admissible for the purpose of establishing an adverse possession.

MOTION by the defendant for a new trial, on ex-
ceptions taken at the Wayne circuit, ordered to
be heard at the General Term in the first instance.

*H. R. Selden,* for the defendant.

*E. G. Lapham,* for the plaintiff.

*By the Court,* TALCOTT, J. This case is, in its main fea-
tures, like that of *Cramer* v. *Benton,* argued at the same
time, and growing out of the mistake in the description
contained in the partition deeds made between Lewis J.
Benton and John W. Benton in the year 1846. The re-
sult of the two cases at the circuit, however, having
been precisely opposite. In the present case, the justice
who tried the case directed a verdict for the defendant,
while the justice who tried the other action directed a
verdict for the plaintiff. We have, after full considera-
tion, affirmed the ruling of the justice who tried the
other case directing a verdict for the plaintiff.(*a*)

Our views on the main questions involved may be
found in our opinion in the other case. There seems to
be nothing in this case calling for any additional ob-
servations, except as to the exclusion of the evidence

(*a*) See *Cramer* v. *Benton,* (64 *Barb.* 522.)

offered by the defendant to show that he entered into possession of the premises in dispute, under a contract with John W. Benton, in the spring of 1849, for the purchase thereof from Benton, which was consummated by a subsequent conveyance from Benton, and to show the acts characterizing the possession of the defendant. The evidence was offered with a view of establishing an adverse possession of the premises in controversy for more than twenty years before the commencement of this action, which was in the fall of 1869. This evidence was rejected, apparently because the deed to the defendants was not actually executed till a period within the twenty years. But it is well settled that the possession of a party who enters under an executory contract to purchase and subsequently obtains his deed in pursuance of the contract, is adverse from the time of the entry, as to all the world except the vendor. And the party so entering may defend on his possession, provided twenty years have elapsed since he entered under the contract. (*Clapp* v. *Bromagham,* 9 *Cowen,* 531. *Whitney* v. *Wight,* 15 *Wend.* 172.) So, also, the possession of the vendees under an executory contract for purchase is the possession of the vendors. And a continuous adverse possession under the same title, though by different parties, is sufficient. (*Simpson* v. *Downing,* 23 *Wend.* 320, *and cases cited.*) As to the point that the defendants must be supposed to have known or suspected that the title was invalid, see *Humbert* v. *Rector, &c., of Trinity Church,* (24 *Wend.* 587 ;) *Munro* v. *Merchant,* (26 *Barb.* 383, *op.* 402.)

So, too, the defendants should have been permitted to prove the mistake in the. deed, notwithstanding the statute of limitations, and the defence, limited only to this parcel of land, and not requiring any reformation of the deed, may be made between these parties. This seems to be the effect of the case of *Bartlett* v. *Judd,* ( 21 *N. Y.*

200,) which was not called to our attention when the case of *Cramer* v. *Benton* was first before the court.

New trial granted, costs to abide the event.

[FOURTH DEPARTMENT, GENERAL TERM, at Buffalo, January 7, 1873. *Mullin* and *Talcott*, Justices.]