By the Court, Talcott, J.
This is an action of ejectment to recover the possession of certain premises in the county of Wayne. Lewis J. Benton, under whom the *515 plaintiff claims, and John W. Benton, the defendant, were seised of an entire tract, of which the premises were a part, as heirs-at-law of Roger Benton, deceased, and in 1846, they agreed to a partition between them by which Lewis J. was to have the mill, mill-pond and ap- . purtenances, and water privileges, and the defendant the farming lands; and they procured a surveyor to run out the lines dividing the premises as they had agreed. Supposing this to have been done, they thereupon executed and exchanged quit-claim deeds, intended to carry out the partition agreed upon. By reason of a mistake in the field notes of the surveyor, the description, as contained in the deed from the defendant to Lewis J. embraced, by its language, the premises in controversy here, which were a part of the farm lands ; and for the same reason the description in the deed from Lewis J. to the defendant failed to embrace this portion. This mistake was unknown to the parties, at the time, and has been discovered by more recent surveys.
Immediately on the execution of the deeds the parties went into possession of the premises according to the partition as they understood it, and the defendant has ever since kept the premises in dispute enclosed by a substantial enclosure, and occupied and cultivated the same as a part of his farm, claiming title thereto.
This enclosure and occupation was continued for a period of about 23 years before the commencement of this suit, and the claim and occupation of the defendant were open and notorious. On these facts, which were substantially undisputed upon the evidence, a verdict was directed for the defendant, upon the ground of the actual, and practical location of the boundary lines, and adverse occupation by the defendant. This, we think, was correct. The objection made by the counsel for the plaintiff to this, is, that he claims that the grantor cannot hold adversely to his own deed; and he relies upon the cases *516 of Jackson v. Burton, (1 Wend. 341,) and Kent v. Har-court, (33 Barb. 491.)
The first of these cases, at least impliedly, concedes that the grantor may hold adversely to his grantee under certain circumstances, but holds that he did not so hold in the case then before the court. The second of these cases lays down precisely the opposite doctrine from that contended for by the plaintiff’s counsel, and states the rule to be that if a grantor, not having a good title at the time, conveys with warranty, and after-wards acquires the true title, he _ will not be allowed to claim in opposition to his deed, but the title thus acquired will enure to the benefit of his grantee. But that he may set up any subsequently created title which concedes the validity of the one he conveyed, whether the subsequent title arise by grant or adverse possession. A grantor cannot set up a hostile title existing at the time of his conveyance with warranty, because he is estopped by his covenant. But if the deed be a mere quit-claim, without covenant or fraud, the grantor is not, as we understand the rule, debarred from subsequently acquiring and setting up any other title, whether existing at the time of his conveyance or subsequently created. The cases are numerous to show that a grantor may set up, as against his own deed, a title acquired by him by a contemporaneous or subsequent practical location with an adverse possession for the requisite length of time. In the case of Reed v. Farr, (35 N. Y. 113,) the plaintiff was the grantor of the premises in dispute, which were clearly embraced in his deed; yet he was held entitled to hold them against his own deed, on the ground of a practical location and the requisite adverse possession. In Baldwin v. Brown, (16 N. Y. 359,) the plaintiff claimed by practical location and adverse possession, in opposition to the deed of his grantor, and his title was sustained. Such, too, were the cases of Pierson v. Mosher, (30 Barb. 81,) Jackson v. Long, (7 Wend. *517 170,) Jackson v. Vedder, (3 John. 8,) and Same v. Dieffendorf, (Id. 269.)
As early as the case of Jackson v. Brown, (1 Caines, 358,) it was held that a mistake in the deed conld not be shown, but that a party might show title by practical location and adverse possession, against the partition deed of his ancestor, under whom he claimed title.
It is proper to say, that in the opinion delivered when this case was before the court on a former occasion, (60 Barb. 224,) there was, by some accident, a mistaken reference, on this question. The case of Jackson v. Stiles, (1 Wend. 103,) has no relation to the subject. The case intended was that of Reed v. Farr, (supra.) The same opinion also contains a reference to Dobson v. Pearce, on another point, when the case intended was Crary v. Goodman, in same volume, (p. 266.) The ground taken in that opinion, that the mistake in the deed could not, simply as such, be set up in defence to the action, and which was mainly based upon the reason that the statute of limitations had run against any equitable right to reform the deed, was, it seems, contrary to the decision in Bartlett v. Judd, (21 N. Y. 200,) where it is held (p. 205) that the statute, so far as a defence in ejectment is concerned, does not begin to run till an attempt is made to assert the deed against the party in possession. Our attention had not, at the time when this case was decided, been called to the case of Bartlett v. Judd. In the pressure of business, being obliged to rely much upon counsel, for a reference to adjudications, it escaped notice, and our opinion went upon the ground taken in the case of Jackson v. Brown, (supra,) and other cases, that as a defence to ejectment at law, while a mistake in the deed could not be shown, a practical location and adverse possession, by means of which the mistake was practically corrected, was an available defence. It is unnecessary to say, that had our attention been called to the case of Bartlett v. Judd, we *518 should have endeavored to follow it. The foregoing views cover the main points presented by the plaintiff’s exceptions.
[Fourth Department, General Term, at Syracuse,
January 7, 1873.
Mullin, Talcott and E M. Darwin Smith, Justices.]
There was also an exception to the rejection of evidence. The plaintiff offered to show that in a conveyance by the defendant of another parcel of the farm, he had excepted, from the operation of his covenant of warranty, so much of the parcel so conveyed as was embraced within the mistake in the description in his deed to Lewis J. Benton. This was excluded, and as we think, properly. At most, it could only show that the plaintiff was doubtful, on the question of law, whether his title could be maintained as to that part.
The testimony offered was immaterial. (See Humbert v. Trinity Church, 24 Wend. 587; Munro v. Merchant, 26 Barb. 383, 402.)
On the whole, we think that the verdict was properly directed.
New trial denied, and judgment ordered for the defendant on the verdict.