No. 8171.

JEFFERSONVILLE, MADISON AND INDIANAPOLIS RAILROAD COMPANY v. OYLER.

VENDOR AND PURCHASER.—*Adverse Possession.*—*Statute of Limitations.*—The possession of lands by a vendor is subordinate, and not adverse, to the rights of his vendee, and the statute of limitations does not run during its continuance, so that the time thereof can be added to the time during

which a subsequent purchaser may hold, so as to make a sufficient period to bar the rights of the first purchaser.

SAME.—*Notice.*—*Possession.*—Where the owner of a farm sells a portion, and the purchaser takes possession of a part only of the portion so sold, the vendor retaining possession of and using the residue as part and parcel of his farm, and said conveyance is not recorded, the vendee's possession of the part occupied and used by him is not constructive notice to a subsequent purchaser of the farm of the extent of his purchase.

SAME.—Mere possession is notice of a vendee's rights to land actually enclosed and occupied.

From the Johnson Circuit Court.

*S. Stansifer* and —— *Stansifer,* for appellant.

*S. P. Oyler,* for appellee.

MORRIS, C.—The appellee brought this suit to quiet his title to a portion of lots sixteen, twenty, twenty-one and twenty-three in Hamilton and Oyler's addition to the city of Franklin, in Johnson county, Indiana. The complaint alleges that the appellee is the owner in fee of said lots; that the track of appellant's road crosses the western end of said lots; that the west line of said lots is the center line of said road; that a portion of said lots, not exceeding fifteen feet in width, on the west end of the same, is amply sufficient for the proper maintenance of the track of said road, and for the safe and secure passage of trains thereon; that for more than twenty years last past, and until the 21st of July, 1875, no greater portion than fifteen feet of the west end of said lots had been used or appropriated for the right of way across the same for railroad purposes; that the appellant is setting up a pretended title and claim to fifty feet in width on the west end of said lots, and that it had, on the 2d of July, 1875, without the consent of the appellee, erected on said lots, at a distance of fifty feet from the center line of its road, posts and a plank fence, thereby obstructing the appellee's use of said lots; that such acts create a cloud upon the appellee's title to the lots. The appellee prays that his title to said lots be quieted, and for two hundred dollars damages.

To this complaint the appellant filed a counter-claim, in

which it is stated that one Garrett C. Bergen, being the owner of the northeast quarter of section fourteen, in township twelve north, of range four east, embracing the lots described in the complaint, on the 22d day of June, 1843, sealed, executed and delivered to the Madison and Indianapolis Railroad Company, to whose rights the appellant has succeeded, a release or conveyance of a strip of land one hundred feet in width, as the right of way for the road of said company for so much of said road as might or should pass through said quarter section of land; that said road was finally constructed through said quarter section of land, according to the survey, and on the center line of said one hundred feet so conveyed to it by said Bergen; that said Madison and Indianapolis Railroad Company took possession of said strip of land and occupied and used the same until it consolidated with the Jeffersonville and Indianapolis Railroad Company; that the consolidated company, being the appellant, has ever since used and occupied the same; that the right of way so conveyed by said Bergen embraced and included that portion of the lots described in the complaint now in dispute; that said Bergen and wife, on the 8th day of November, 1865, conveyed a part of said quarter section to Robert Hamilton and the appellee, and that Hamilton afterwards conveyed to the appellee his interest in the lots described in the complaint, they being part of the land so conveyed by Bergen and wife to Hamilton and the appellee; that the only title of the appellee to said lots is derived from Bergen through his deed to him and Hamilton.

The appellee answered this counter-claim in three paragraphs. The first was a general denial; the second, a denial under oath.

The third paragraph of the answer admits, that, on June 22d, 1843, Garrett C. Bergen was the owner in fee of the northeast quarter of section fourteen, described in the counter-claim; that the Madison and Indianapolis Railroad Company, in 1847 and 1848, located its road across said quarter sec-

tion; that from that time until July, 1875, said company and its successors in running and operating said road over and through said quarter section, and particularly over that part of said land embraced by the lots described in the complaint, wholly abandoned any and all use, occupation and claim to any part of the same upon the east side of its railroad track, except so much as is included in a strip fifteen feet in width eastward from the center of said railroad track, and did not, during said time, use or occupy any part of said land except said strip fifteen feet in width on the east side of said center line of said road; that from 1850 until May, 1865, Bergen, with the full knowledge and consent of the Madison and In-dianapolis Railroad Company and its successors, and without objection, took and held exclusive possession of all of said quarter section which lies east of the center line of said rail-road, except said strip of fifteen feet in width; that he en-closed and farmed the same, and thereby excluded the rail-road company from it. It is then stated that in May, 1866, Bergen and wife conveyed said land to Hamilton and the appellee, who took possession of the same, properly and legally laid off into city lots a portion of it as Hamilton and Oyler's addition to the city of Franklin; that said addition included the lots named in the complaint; that Hamilton and Oyler occupied and held the exclusive and continuous posses-sion of said land to the exclusion of all other persons, until Hamilton conveyed his interest to the appellee; that he thereafter, and until the 21st day of July, 1875, held the ex-clusive possession of said premises, with the consent and knowledge of the appellant; that Bergen, Hamilton and Oyler and the appellee, respectively, held the possession of said premises, claiming the same, respectively, as their own against the appellant and all others; that on the 21st day of July, 1875, the appellant, without the consent of the appel-lee, entered upon said lots as stated in the complaint. It is averred that at the time Hamilton and the appellee purchased said land from Bergen, they had no knowledge that the ap-

pellant claimed or pretended to have any title to or interest in said land, except said strip of fifteen feet in width on the east side of said center line of said railroad; that there was no conveyance or release from said Bergen to the Madison and Indianapolis Railroad Company, or its successor, recorded in said Johnson county, or elsewhere in the State.

The appellant demurred to the third paragraph of the answer to its counter-claim. The demurrer was overruled. The cause was submitted to a jury for trial, and a verdict returned for the appellee. The appellant moved the court for a new trial; the motion was overruled, and judgment rendered upon the verdict in favor of the appellee.

The rulings of the court upon the demurrer to the third paragraph of answer to the cross complaint, and upon the motion for a new trial, are assigned as errors.

A motion was made by the appellant to strike out a portion of the answer to the counter-claim, which was overruled by the court. The appellant does not mention the action of the court upon the motion in his brief. It will not, therefore, be further noticed.

The appellant insists that the demurrer to the third paragraph should have been sustained; that Bergen is alleged to have retained possession of the land in dispute from the time he conveyed it to appellant, as its grantor, until he conveyed to Hamilton, and the appellee, claiming and using the land as his own, and that Hamilton and the appellee have held the exclusive possession of the same, adversely to the appellant; that the possession of Bergen, Hamilton, and the appellee, has been continuous for more than twenty years. The appellant treats the answer as setting up the statute of limitations as a defence, and insists that, unless the possession of Bergen is shown to have been adverse to it, the answer, regarded as a plea of the statute of limitations, is bad.

It is alleged in the cross complaint that Bergen, while the owner of the land in dispute, conveyed it to the appellant. It is insisted, and correctly we think, that his possession of a

part of the premises released to the appellant was not adverse to it. He will be deemed to have held subordinate, and not adverse to the title of his grantee. *Jackson* v. *Burton,* 1 Wend. 341 ; *Doe, ex dem. Marston,* v. *Butler,* 3 Wend. 149 ; *Beach* v. *Catlin,* 4 Day, 284, 295 (4 Am. Dec. 221) ; *Higginson* v. *Mein,* 4 Cranch, 415 ; *Rowe* v. *Lewis,* 30 Ind. 163. We understand the case of *Vanduyn* v. *Hepner,* 45 Ind. 589, to be in substantial agreement with the above cases. We think the possession of Bergen, from the time he released the right of way to the railroad company, was not adverse to it or to its successors, but that he occupied the land in subordination to the rights of the company. As it appears by the answer that twenty years have not elapsed since Bergen conveyed to Hamilton and Oyler, it follows that if, upon the facts stated, Bergen is to be considered as holding in subordination to the title of his grantee, the Madison and Indianapolis Railroad Company, and its successors, the answer, considered only as a plea of the statute of limitations, is bad. As between Bergen and his grantee, the possession of the former will be deemed to be the possession of the latter. This rule, however, applies only as between the parties, and while it would prevent the running of the statute of limitations against the appellant during the occupancy of Bergen, a third person, dealing with Bergen for the land, as the owner and occupant of it, would not be chargeable with notice of the relations existing between him and his grantee, unless the conveyance through which his grantee claimed was properly recorded, or the fact was otherwise brought to the knowledge of such third person.

The pleadings show that Bergen conveyed the land in dispute to Hamilton and Oyler in May, 1866 ; that he was then in the actual occupancy of it, had it enclosed and was cultivating and farming it as his own ; that the purchasers, Hamilton and Oyler, had, at the time, no knowledge that the appellant had any claim to or interest in the land, and that there was no record of any conveyance from Bergen to the Madison and Indianapolis Railroad Company.

The conveyance of the land by Bergen and wife to Hamilton and Oyler was the strongest assertion on their part that the land belonged to them. It does not appear that the deed contained any covenants of title, but it does appear that the land occupied by Bergen was conveyed to Hamilton and Oyler. The conduct of Bergen, as stated in the pleadings, was, to say the least of it, equivalent to an assertion on his part that he was the owner of the land at the time he conveyed to Hamilton and Oyler. If a tenant, in possession, affirms himself to be the owner, he will, as to third parties having no actual or constructive knowledge of his tenancy, be regarded as the owner. *Beatie* v. *Butler*, 21 Mo. 313 ; *Flagg* v. *Mann*, 2 Sumner, 486, 557 ; *Barnhart* v. *Greenshields*, 28 Eng. L. & Eq. 77. Nor would the possession of the appellant of a strip fifteen feet in width, on the east side of the center line of its track, be notice of title to any more of the land than the strip so occupied. *Krider* v. *Lafferty*, 1 Whart. 303.

We think the third paragraph of the answer to the counter-claim shows that Hamilton and Oyler were innocent purchasers of the land in controversy from Bergen, for a valuable consideration, without notice of the rights of the appellant, and that the court did not err in overruling the demurrer to it.

The appellant insists that the court erred in overruling its motion for a new trial, by refusing to give the jury the following instruction :

"If you find that Garrett C. Bergen executed the release mentioned in the cross complaint, and that, after its execution, he remained in possession of all the 100 feet strip mentioned therein, until the purchase by Oyler and Hamilton, the law presumes that said Bergen held such possession as the tenant, or by the license of the grantee in said release, and such possession of said Bergen would not be adverse to the title of the grantee in said release."

This instruction was, we think, pertinent. We think it is the law and should have been given to the jury. Where the grantor remains in possession of the land granted, the law

will not presume that his possession is against his deed. The reasonable and legal presumption is that such possession is with the permission of the grantee, and subordinate to and consistent with the grant. It is insisted by the appellee that the release conveyed no title to the Madison and Indianapolis Railroad Company, and that, therefore, there was no error in refusing to give the instruction asked. This question has been before this court and decided, correctly we think, adversely to the appellee. *Jeffersonville, etc., R. R. Co.* v. *Oyler*, 60 Ind. 383.

It is also insisted that the appellant failed to prove that it had succeeded to the rights of the Madison and Indianapolis Railroad Company. This may be, but the right of the appellee to maintain the action depended upon his title to the land described in his complaint, and it was competent for the appellant to prove any fact alleged in its answer which tended to show a want of title in the appellee. As we think the court erred in refusing to give the instruction asked by the appellant, and that, for that reason, a new trial must be granted, we need not examine the other grounds urged in support of the motion for a new trial.

The appellee has assigned cross errors, as follows:

" 1. The court erred in overruling the demurrer to the cross complaint or counter-claim.

" 2. The court erred in permitting, over the objection of the appellee, to be read to the jury, as evidence in the cause, the lease of the Jeffersonville, Madison and Indianapolis Railroad Company to the Pittsburgh and Cincinnati Railroad Company.

" 3. The court erred in permitting, over the objection of the appellee, to be read as evidence in the cause, the release purporting to be from Garrett C. Bergen to the Madison and Indianapolis Railroad Company.

" 4. The court erred in permitting, over the objection of the appellee, to be read to the jury as evidence in the cause,

the deed of D. G. Rose, Marshal of the United States, to E. Day and others.

" 5. The court erred in permitting, over the objection of the appellee, to be read to the jury the articles of association of the Indianapolis and Madison Railroad Company and the record of the organization of said company.

" 6. The court erred in permitting, over the objection of the appellee, the articles of consolidation of the Jeffersonville Railroad Company with the Indianapolis and Madison Railroad, to be read to the jury.'"

The question raised by the first cross error, was passed upon by this court, 60 Ind. 383. We approve the decision there made.

We agree with the opinion expressed by the appellee in his brief, that if there was any error in admitting the evidence refused in the second cross error assigned, it was harmless.

There is nothing in the third cross error. The nephew of Garrett C. Bergen testified that he had seen Garrett C. Bergen write, and that he could recognize his handwriting; that his signature to the release was, in the opinion of the witness, genuine. One witness testified that he had been in possession of the instrument for many years, and that it was the same as when he first saw it. The release was more than thirty years old. There was no error in its admission.

Nor was there any error in admitting the marshal's deed to Day and others, and the articles of association and the record of the organization of the Indianapolis and Madison Railroad Company. The evidence might have constituted links in the chain of evidence necessary to establish the appellant's rights.

The objection to the articles of consolidation, read in evidence by the appellant, between the Jeffersonville Railroad Company and the Indianapolis and Madison Railroad Company, is, that no such companies are alleged in the counter-claim to have consolidated; but if, in the counter-claim, the consolidating companies were misnamed, the court below would, upon motion, have allowed upon the trial an amendment of the counter-claim, by

inserting in it the true names of the consolidating companies. The counter-claim, as to the variance between the proof and the allegation, may be regarded as amended in this court. *Krewson* v. *Cloud*, 45 Ind. 273 ; *Hamilton* v. *Winterrowd*, 43 Ind. 393.

We think the judgment should be reversed, at the costs of the appellee.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment below be reversed, at the costs of the appellee.

## ON PETITION FOR A REHEARING.

MORRIS, C.—The appellant files a petition for a rehearing in this case. Its counsel insist, with much apparent earnestness and sincerity, that the court erred in holding the third paragraph of the appellee's answer to its cross complaint good.

If we assume, as perhaps we may, that the instrument executed by Bergen and wife to the appellant's predecessor is sufficient in form to convey a strip of land fifty feet in width off the west side of the land, afterwards conveyed by Bergen and wife to Oyler and Hamilton ; that the appellant constructed a part of its road upon, fenced in, and continuously occupied a strip fifteen feet in width off the west side of said fifty-foot strip ; that Bergen remained in the actual occupancy of the balance of the fifty-foot strip, being the land now in controversy, using and claiming it as his own ; that while the land in controversy was thus occupied by Bergen, he conveyed to Oyler and Hamilton, by warranty deed and for a valuable consideration, all that part of the quarter section of which the fifty-foot strip was a part, lying east of the center line of the appellant's road, without actual notice of the conveyance of the fifty-foot strip to the appellant, and that the conveyance to the appellant had never been recorded, the question is, and it is the only question discussed by the appellant, was the occupancy of the strip, fifteen feet in width, by the appellant, constructive notice to Oyler and Hamilton,

under the circumstances stated, of its right to and deed for the fifty-foot strip?

It is true, that actual, visible and exclusive possession is constructive notice of the rights of the occupant. The rule is well stated in the case of *Noyes* v. *Hall*, 97 U. S. 34. It has been so held in this and many other States. In the cases of *Crassen* v. *Swoveland*, 22 Ind. 427, *Paul* v. *Connersville, etc., R. R. Co.*, 51 Ind. 527, and others referred to by the appellant, the same rule is asserted.

And it may be admitted, as held in the case of *Bell* v. *Longworth*, 6 Ind. 273, that, as a general rule, where one enters under color of title by deed and improves the land, he acquires, in law, actual possession to the extent of the boundaries contained in the deed. But, in the very nature of things, this can only be the case where such possession is exclusive. The rule can not apply where, at the time the entry is made, a portion of the estate embraced by the deed is in the actual possession and use of another. Where the land is unoccupied, the party entering under a deed or writing may well be presumed to intend to take and hold the entire estate. No such presumption can arise, however, where a part of the estate is in the actual and apparently adverse possession of another. A mixed possession can not be exclusive, nor operate as notice of an unrecorded deed, nor of the rights of one not in actual possession.

The precise question here involved has, so far as we have been able to find, arisen in but few reported cases.

Washburn, in speaking of the possession of one holding under an unrecorded deed, as notice of the contents of such deed, says: "But where a vendor sold a part of his estate, and retained a part, and both he and his vendee occupied the premises, it was held not to be a notice of the purchase. To have that effect, it must be exclusive, open, and notorious, such as enclosure, cultivation, erection of buildings, and the like." Vol. 3, 4th ed., p. 318.

In the case of *Ely* v. *Wilcox*, 20 Wis. 551, it is said that

"possession to be notice must be open, visible, exclusive and unambiguous." The same was held in the case of *Patten* v. *Moore*, 32 N. H. 382. A mixed or ambiguous possession does not meet the requirements of the rule. *Bell* v. *Twilight*, 2 Foster, 500; *Bush* v. *Golden*,17 Conn. 594.

In *Billington* v. *Welsh*, 5 Binney, 132 (6 Am. Dec. 406), it was held that where the defendant went into possession under a parol agreement for the purchase of a part of a tract of land, and erected a mill and out-buildings for his workmen, but the boundary was not defined, and there were buildings of the same kind on the unsold portion of the tract, which were used for like purposes by the vendor, so that the whole would strike the eye as one establishment, the defendant's possession did not operate as notice to a purchaser at sheriff's sale under an execution against the vendor.

In the case in hearing, Bergen was, at the time he conveyed to Oyler and Hamilton, in the actual possession of the land in dispute, had the apparent and recorded title to it, was using and cultivating the same as his own and as he was using his other land within the same enclosure, with nothing to mark or separate it from the farm sold and conveyed to Oyler and Hamilton, or to indicate that the appellant had any right to or interest in it.

In the case of *Smith* v. *Yule*, 31 Cal. 180, it was held that if the apparent possession of land is consistent with the title appearing of record, it is not the duty of the purchaser to make any enquiry concerning the title beyond what the record shows. It was further held, that if, at the time of the sale of land, the record title is in the vendor, and he is in possession, and another person is also in possession of a part of the premises, there is no presumption of title out of the vendor, and no enquiry need be made of the other person as to his right or title. The facts in the above case are not unlike those in the case before us.

In the case of *Bennett* v. *Robinson*, 27 Mich. 26, it was held that the possession of the grantor, long after the delivery and

recording of his deed to a purchaser, justified the inference that he had obtained some right to or interest in the premises. The following cases will be found to support the cases above referred to, especially the case of *Smith* v. *Yule: Dutton* v. *Warschauer*, 21 Cal. 609 ; *Fair* v. *Stevenot*, 29 Cal. 486 ; *Kendall* v. *Lawrence*, 22 Pick. 540 ; *Hewes* v. *Wiswell*, 8 Greenl. 98 ; *Butler* v. *Stevens*, 26 Me. 484.

The cases referred to by the appellant do not relate to the question of a mixed possession. We think they do not meet the peculiar facts set up in the pleading demurred to, nor show that Oyler and Hamilton were not innocent purchasers. We know of nothing in the appellant's charter, or the law, which required it to procure or own a right of way 100 feet in width. It would have been lawful for it to have acquired from Bergen and used a strip of land thirty feet wide for its right of way. No inference can be drawn, therefore, from the fact that the appellant is a railroad company, as to its rights to or interest in the land in dispute. Its possession was notice of its rights to the land, which it had enclosed and occupied, but not to that which it had not enclosed nor actually occupied, but had left in the actual use, occupancy and apparent ownership of Bergen.

The appellant insists that the conclusion we have reached is opposed to the decision in this case when here before, 60 Ind. 383. The appellee had demurred to the counter-claim or cross complaint. The court held the counter-claim good. It is averred in the counter-claim that the appellant had continuously occupied all the land in dispute prior and up to and at the time that Oyler and Hamilton purchased. We think the counter-claim was good as held by the court. It did not appear by the counter-claim that Bergen was, at the time he conveyed to Oyler and Hamilton, in possession of any part of the strip of land conveyed to appellant. But the answer demurred to alleges that it was so in Bergen's possession, and that he used and claimed it as his own.

Per Curiam.—The petition is overruled.