Filed March 17, 1891.

No. 14,716.

## THE CINCINNATI, INDIANAPOLIS, ST. LOUIS AND CHICAGO RAILWAY COMPANY v. SMITH.

VENDOR AND PURCHASER.—*Possession.—Notice.*—Where the owner of a farm conveys to a railroad company a strip of land eighty feet wide for a right of way and the company takes possession of forty feet only and fences the same in and constructs its road thereon, leaving the remaining forty feet in the possession of the owner, who continues to use it as a part of his farm, the conveyance not having been recorded, the railroad company's possession of the part occupied and used is not constructive notice to a subsequent purchaser of the farm of the extent of the railroad company's purchase. Nor is a recital of the deed to such purchaser to the effect that his conveyance is subject to the right of way of the railroad company notice to him that such right of way is of greater extent than the way actually occupied.

PLEADING.—*Reply.—Demurrer.—Practice.*—A reply, pleaded with the general denial, which sets up only such facts as are admissible under the general denial, is demurrable, and the subsequent withdrawal of the general denial will not render the ruling sustaining the demurrer available error.

From the Decatur Circuit Court.

*J. K. Ewing* and *C. Ewing,* for appellant.

*J. D. Miller* and *F. E. Gavin,* for appellee.

The Cincinnati, Indianapolis, St. Louis and Chicago R'y Co. *v.* Smith.

COFFEY, J.—This was an action by the appellee against the appellant to recover the possession of real estate.

The complaint is in the statutory form usually employed in such actions.

The appellant filed a counter-claim alleging, in substance, that it owned the land in controversy, having acquired title thereto by deed from Henry L. Burk on the 18th day of December, 1852; that said land consists of a strip deeded for the right of way for a railroad; that the appellant and its grantors successively took and held possession of said right of way by constructing a railroad thereon, and by running daily a large number of trains thereon with engines, etc., giving thereby notice of their ownership continuously, but that its deed had never been recorded.

The second paragraph of the appellee's answer to the counter-claim, averred that the deed of Burk for a right of way, described in said counter-claim, conveyed a strip of land eighty feet wide; that the company took possession of forty feet only, and fenced the same in and constructed its road thereon, leaving the remaining forty feet in the possession of said Burk who continued to cultivate the same; that said deed was never recorded; that the land described in the complaint is land of which the appellant never took possession, and that the appellee, without any notice of said deed, and without any notice or knowledge that the appellant owned or made any claim thereto, purchased the same for a valuable consideration, and took a conveyance therefor.

The appellant filed a reply in two paragraphs. The first paragraph alleged that the appellee at the time he purchased the real estate in controversy, as set out in said answer, had actual knowledge of the existence of a right of way owned by the appellant, and took his deed thereto with a written stipulation contained therein that the title so conveyed was subject to the right of way held by the appellant.

The second paragraph of the reply was a general denial.

The court sustained a demurrer to the first paragraph of the reply and appellant excepted.

Some days after this ruling the appellant withdrew the second paragraph of the reply, and appellee had judgment on his answer to the cross-bill.

The assignment of error calls in question the correctness of the ruling of the circuit court in sustaining the demurrer to the first paragraph of the. reply to the second paragraph of the answer to the counter-claim filed by the appellant.

It is insisted by the appellant that the second paragraph of the reply negatived every allegation found in the answer. which tended to show that the appellee purchased the land in dispute without notice of appellant's claim, and that the recital in the deed to the appellee was sufficient to put him on inquiry, by means of which he could have ascertained the extent of the appellant's claim.

This contention is met by the claim on the part of the appellee that the first paragraph of the reply was nothing more than an argumentative denial, and as there was a direct denial pleaded in the second paragraph of the reply, there was no available error committed in sustaining the demurrer, and that the appellant could not convert the ruling into available error by subsequently withdrawing the general denial.

In its essential features this case is not unlike the case of *Jeffersonville, etc., R. R. Co.* v. *Oyler*, 82 Ind. 394. In that case it was held that where the owner of a farm sells a portion thereof, and the purchaser takes possession of a part only of the portion sold, the vendor retaining possession of and using the residue as a part and parcel of his farm, the conveyance not having been recorded, the vendee's possession of the part occupied and used by him is not constructive notice to a subsequent purchaser of the farm of the extent of his purchase. Mere possession by a vendee is notice of the vendee's rights to the land actually occupied, and no more. *Krider* v. *Lafferty*, 1 Whart. 303.

The Cincinnati, Indianapolis, St. Louis and Chicago R'y Co. v. Smith.

The answer of the appellee to the counter-claim filed by the appellant was sufficient, and the first paragraph of the appellant's reply thereto was nothing more than an argumentative denial of the facts averred in the answer. Every fact alleged in this reply could have been given in evidence under a general denial to the answer of the appellee. As the general denial was pleaded to this answer there was no available error in sustaining a demurrer to the reply in question, which was only an argumentative denial. *Manhattan Life Ins. Co.* v. *Doll*, 80 Ind. 113 ; *Uhl* v. *Harvey*, 78 Ind. 26 ; *West* v. *West*, 89 Ind. 529 ; *Berlin* v. *Oglesbee*, 65 Ind. 308.

As it was not available error to sustain a demurrer to the reply at the time of the ruling, we do not think the appellant could make it available by withdrawing the general denial on a subsequent day. In the case of *Kidwell* v. *Kidwell*, 84 Ind. 224, the question involved here was decided by this court. In that case the court said : "In considering the second error assigned, the sustaining of the demurrer to the second paragraph of the answer, it may be observed that the first paragraph of the answer, a general denial, was in, and that everything contained in the second paragraph was admissible in evidence under the first. And if the second paragraph was good, the sustaining of the demurrer to it was a harmless error. Appellant's subsequent withdrawal of the first paragraph could not change the force and effect of the ruling upon the second."

If the ruling of the circuit court was harmless at the time it was made nothing could be done by the appellant, at a subsequent stage of the proceeding, which would authorize us to declare it such error as would work a reversal of the judgment.

Furthermore, we are of the opinion that the recital in the deed to the appellee to the effect that his conveyance was subject to the right of way of the appellant was not notice to him that such right of way was of greater extent than the way

·of which it had taken actual possession and was then occupying. *Jeffersonville, etc., R. R. Co.* v. *Oyler, supra.*

There is no error in the record.

Judgment affirmed.

MILLER, J., took no part in the decision of this cause.

Filed March 18, 1891.