(No. 24892.— ▮▮▮▮▮▮▮▮

STEVE DOMBRO *et al.* Appellees, *vs.* ANNA HUGO *et al.* Appellants.

*Opinion filed December 19, 1938—Rehearing denied Feb. 14, 1939.*

JAMES J. KILGALLON, for appellants.

BLAKE C. SMITH, for appellees.

Mr. JUSTICE WILSON delivered the opinion of the court:

Steve Dombro and Elizabeth Dombro filed in the circuit court of Cook county an application for the registration of title in themselves to certain lots hereafter described, pursuant to the provisions of an act concerning land titles, approved and in force May 1, 1897, as amended. (Ill. Rev. Stat. 1937, chap. 30, p. 761.) William Hugo, Anna Hugo, Joseph Naglich and Lizzie Naglich, defendants, filed a sworn answer denying that the applicants were the owners in fee simple of the premises described in the application, and averring that the signatures of Anna and William Hugo to one instrument in the chain of title relied on by the applicants, were forgeries, and that another instrument of assignment by them was obtained by fraud. The answer averred that Anna Hugo is the owner in fee simple, both by a record and a limitation title, of all the premises described, and prayed for the denial of the application.

Testimony and documentary evidence was presented to an examiner of titles in the office of the registrar of titles of Cook county who made a report recommending that the title in fee simple in the lots in question (except lot 31 in block 20, as to which the application should be continued generally,) be confirmed in Steve Dombro and Elizabeth Dombro, and that the title be so registered. The trial court entered a decree in accordance with the recommendations of the examiner of titles. Anna Hugo and Lizzie Naglich have prosecuted this appeal.

The land in question consists of fourteen lots, numbered 25 to 35 in block 20, and lots 12, 47 and 48 in block 21, in Langley's subdivision of the northeast quarter of the southwest quarter of section 13, township 37 north, range 14 east of the third principal meridian in Cook county. The land is located in the vicinity of One Hundred and Tenth street and Jeffery avenue in the city of Chicago.

Original abstracts of title and one certified copy of an abstract of title from the United States Government to

1937, covering the lots in question, a plat of a survey of the same lots and separate deeds, documents and oral testimony were produced in evidence by the complainants and defendants, which, with certain admissions by the pleadings, bear upon the issues presented here.

Anna Hugo lived in a house located on lots 47 and 48 in block 21 of the subdivision mentioned. She conducted a truck-farm on the land in that vicinity until her house burned about February 15 or 16, 1925. Thereafter, her daughter Lizzie and the latter's husband conducted the truck-farm and lived in a house on lot 36. Anna Hugo purchased the lots in question in 1902. The daughter Lizzie has remained at the same location to the present time, and she testified she was taking care of the lots for her mother, whom she recognized as the owner.

Anna Hugo and William Hugo, her husband, executed an assignment, dated February 3, 1925, to Michael J. Klein of all interests of the assignors under a contract between Henry A. Pohlman and Anna Hugo, directing Henry A. Pohlman to execute a deed to Michael J. Klein, of the lots described. In the chain of title also is a deed, dated April 17, 1925, to the same lots from Henry A. Pohlman to Anna Hugo; a deed dated June 2, 1925, and recorded in the recorder's office of Cook county, from Anna and William Hugo purporting to convey to Michael J. Klein the property herein described, except lot 31, and a deed dated January 11, 1938, from Michael J. Klein and Mary K. Klein, his wife, to Steve Dombro and Elizabeth Dombro, conveying the same lots, all of which were introduced in evidence.

While in the answer there were averments of forgeries and fraud there was no evidence in support of the first of these averments, except that Anna Hugo testified she never signed a deed conveying the lots to Michael J. Klein and never authorized any one to execute a deed in her name. The deed mentioned was properly acknowledged and recorded and there was no other evidence produced that it

was not genuine. Anna Hugo admitted that she executed the assignment to Klein. The plaintiffs do not claim title to the lots by virtue of the assignment of the contract between Henry A. Pohlman and Anna Hugo to Michael J. Klein which the answer alleges was obtained by fraud. It is agreed that Anna Hugo is not now claiming to own the lots by virtue of a limitation title.

There was introduced in evidence, on behalf of the defendants, a deed dated February 3, 1925, from Michael J. Klein, divorced and not remarried, to Anna Hugo conveying certain land in the State of Michigan, subject to a mortgage. Anna Hugo testified that Klein was to pay her $12,000 for her lots and she was to pay $18,000 for the Michigan land. She admitted that there was no written contract for the exchange of the land. The evidence discloses that the mortgage on the Michigan land was foreclosed in 1926. Michael J. Klein, Mary Klein, his former wife, and Mary E. Klein, sometimes known as Mary E. Krofta, were defendants in that suit. Anna Hugo testified that she did not, at any time, claim to own the land in Michigan. She testified that she never saw Klein after April 17, 1925. Elizabeth, or Lizzie Naglich as she is referred to in the pleadings, testified that her mother was to receive a 900-acre farm in Michigan, on which there was a mortgage of $6000, and that she, the witness, was to receive 300 acres, but she never received a deed.

Though there is no specific averment in the answer that there was fraud in the procurement of the deed the principal facts sought to be proved by the defendants are of acts and omissions by Klein by which he defrauded or attempted to defraud them. The defendants seek to have determined the question whether there was fraud in the procurement not only of the assignment but of the deed from Anna Hugo and her husband to Michael J. Klein, and, if there was such fraud, whether the applicants were chargeable with notice of Anna Hugo's rights in the land

at the time the applicants sought to register the title in their names.

It is admitted by the attorney for the defendants that the testimony of the grantor, Anna Hugo, that she did not sign the warranty deed to Klein cannot prevail over the certificate of the notary public taking the acknowledgment. This is a correct application of the law. (*Holmes* v. *First Union Trust and Savings Bank,* 362 Ill. 44; *Jaworski* v. *Sujewicz,* 334 id. 19.) But it is contended that the execution of the deed was in connection with the transaction with Klein for the exchange of the Michigan land for the lots in question. That alleged transaction was on April 17, 1925. Anna Hugo testified that she never saw Klein after that date. The defendants have set forth in their brief conveyances by Klein and his wife to others in the years 1926 and 1928, and there is nothing in the evidence to indicate that Klein could not be found, yet no action by Anna Hugo or the defendants was apparently taken to undo the alleged wrong done to her by Klein until the application for registration of title was filed in 1938, and then only as a defense in that action.

There is no evidence in the record that the applicants were guilty of any fraud in obtaining title to the lots in question, or that they knew of any fraud on the part of other persons perpetrated or attempted to be perpetrated against the defendants or any of them. Fraud will not be presumed but must be proved by such clear and convincing evidence that the mind is well satisfied that the charge is true. (*Jaworski* v. *Sujewicz, supra.*) While there is evidence in the record of the conveyances to Anna Hugo and her daughter, of land located in Michigan, there is nothing in the record, aside from the oral testimony of Anna Hugo and Lizzie Naglich, that it was connected with any transaction involving the lots here in question. There is nothing of record in the chain of title which would afford the applicants any notice that the lots in question were in any way

connected with a transaction involving their exchange for land in Michigan.

Assuming (but not deciding the question) that Klein dealt fraudulently with Anna Hugo and her husband, there is nothing to indicate that the applicants had any knowledge of that fact, and they were not chargeable with notice. If one of two parties must suffer from the fraud of a third person the loss must fall on the one who enabled the third person to commit the fraud. *Manson* v. *Berkman,* 356 Ill. 20; *Zick* v. *Guebert,* 142 id. 154; *Robbins* v. *Moore,* 129 id. 30; *Dickerson* v. *Evans,* 84 id. 451; *Spicer* v. *Robinson,* 73 id. 519; *Scarlett* v. *Gorham,* 28 id. 319; *Jennings* v. *Gage,* 13 id. 610; Bishop on Contracts (enlarged ed.) sec. 673.

It is contended that there was a failure of consideration in the assignment and conveyance to Klein. There is no claim of failure of consideration in the sworn answer. What has heretofore been stated in the discussion of the charge of fraud disposes of the contention that there was a failure of consideration. It is contended that because Anna Hugo never relinquished possession of the lots in question to Klein but remained in possession thereof from the time of the purported assignment to the present time, that fact charged the applicants with notice of her rights in and to the lands. While a grantor, by remaining in possession of land after he has conveyed the same, may again acquire title by adverse possession for twenty years (*Knight* v. *Knight,* 178 Ill. 553) in this case there was no claim of title by limitation or prescription. Occupancy of land is constructive notice to an intending purchaser of any rights the occupant may have but they must be substantial rights to avail the occupant. If a grantor remains in possession after an absolute conveyance it is not as owner but as tenant to his (or her) grantee. (*Jackson* v. *Burton,* 1 Wend. 341; 2 C. J. S. p. 562.) The conveyance by Anna Hugo and her husband to Klein was by an unconditional

warranty deed. Any rights in and to the use of the land by Joseph and Lizzie Naglich were terminated by the conveyance of Anna and William Hugo to Michael J. Klein, and their occupation of the premises since that time was permissive and not founded on any legal right.

There is no reversible error in the record. The decree of the circuit court is affirmed.

*Decree affirmed.*